UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

LINDA McGARR,

                                        Plaintiff,

                    -against-

CITY OF PEEKSKILL, WESTCHESTER COUNTY,
DAVID LEVINE, THOMAS McINTYRE,
WALTER BROVARSKI, EUGENE TUMOLO,
JOHN and JANE DOE, SUPERVISORS,
DANIEL STEPHENS, LOUIS ROH and
MILLARD HYLAND,

                                        Defendants.
---------------------------------------------------------------x

**ANSWER**

07 Civ. 9488 (KMK)

JURY TRIAL DEMANDED

      Defendants, Westchester County, Louis Roh and Millard Hyland, by their attorneys,

Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP, of counsel to Westchester County Attorney

Charlene Indelicato, as and for their Answer to plaintiff's Complaint, state as follows:

1.    Defendants deny knowledge or information sufficient to form a belief as the

     allegations contained in paragraph "1".

2.    Defendants deny knowledge or information sufficient to form a belief as the

     allegations contained in paragraph "2", except admit that the victim identified in the

     complaint by the initials A.C. was murdered and raped.

3.    Defendants deny the allegations contained in paragraph "3".

4.    Defendants deny knowledge or information sufficient to form a belief as to the

     allegations contained in paragraph "4", except admit that Steven Cunningham pled

     guilty to the rape and murder of A.C. and that at the time of his guilty plea,

Cunningham was in prison for murder.

5. Defendants deny the allegations contained in paragraph "5".

6. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "6".

7. Defendants deny the allegations contained in paragraph "7".

8. Defendants deny the allegations contained in paragraph "8".

9. Defendants deny the allegations contained in paragraph "9", except admit that the plaintiff Linda McGarr is Jeffrey Deskovic's mother.

## JURISDICTION

10. Defendants admit the allegations contained in paragraph "10".

## VENUE

11. Defendants admit the allegations contained in paragraph "11".

## JURY DEMAND

12. Defendants neither admit nor deny the allegations contained in paragraph "12" as plaintiff is requesting a jury trial.

## PARTIES

13. Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "13".

14.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained "14".

15.    Defendants deny the allegations contained in paragraph "15", except admit that Westchester County is a political subdivision of the State of New York and is the employer of defendants Roh and Hyland.

16.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "16".

17.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "17".

18.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "18".

19.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "19".

20.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "20".

21.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "21".

22.    Defendants admit the allegations contained in paragraph "22" to the extent that defendant Louis Roh is employed by the Westchester County Department of

Laboratories and Research as a Deputy Medical Examiner.

23.　Defendants admit the allegations contained in paragraph "23" to the extent that defendant Millard Hyland is employed by defendant County of Westchester as Pathologist/Medical Examiner in the Department of Laboratories and Research.

## FACTS

## THE CRIME AND INITIAL INVESTIGATION

24.　Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24".

25.　Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "25".

26.　Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "26".

27.　Defendants admit the allegations contained in paragraph "27".

28.　Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "28".

29.　Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "29", except admit that members of the Peeksill Police Department collected evidence.

30.　Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "30".

31.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "31".

32.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "32".

33.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "33".

34.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "34", except admit that Steven Cunningham pled guilty to the crimes involving A.C.

35.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "35".

36.     Defendants admit the allegations contained in paragraph "36".

37.     Defendants admit the allegations contained in paragraph "37".

## PEEKSKILL POLICE FOCUS ON
## PEEKSKILL HIGH SCHOOL FOR SUSPECTS

38.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "38".

39.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "39".

40.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "40".

41.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "41".

42.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "42".

43.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "43".

## THE PPD DEFENDANTS CONCEAL MATERIAL, EXCULPATORY AND IMPEACHMENT EVIDENCE

44.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "44".

45.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "45".

46.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "46".

47.    Defendants deny the allegations contained in paragraph "47".

**THE INVESTIGATION FOCUSES ON JEFFREY DESKOVIC**

48.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "48", except admit that in November, 1989 the plaintiff was sixteen years old and he attended Peekskill High School.

49.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "49".

50.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "50".

51.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "51".

52.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "52".

**PPD INVESTIGATORS EXPLOIT JEFFREY'S
EMOTIONAL AND PSYCHOLOGICAL VULNERABILITIES**

53.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "53".

54.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "54".

55.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "55".

56.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "56".

57.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "57".

58.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "58".

59.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "59".

60.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "60", except admit that former Assistant District Attorney Robert Neary was present at the Peekskill Police Department Headquarters on December 12, 1989 and that ADA Neary requested that a representaitve of the Peekskill Police Department ascertain if Jeffrey Deskovic would consent to a polygraph examination.

61.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "61", except admit that Assistant District Attorney George Bolen was the Deputy Division Chief Superior Court Trial Division and was the trial attorney for the prosecution in the case brought against Jeffrey Deskovic..

62.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "62".

63.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "63".

64.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "64".

65.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "65".

66.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "66".

67.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "67".

68.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "68".

## JEFFREY OBTAINS LEGAL COUNSEL –
## WHICH THE DEFENDANTS DISREGARD

69.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "69".

70.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "70".

71.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "71".

72.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "72".

73.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "73".

74.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "74".

75.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "75".

76.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "76".

## PPD DEFENDANTS CONCEAL THEIR FIFTH AMENDMENT VIOLATIONS

77.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "77".

78.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "78".

79.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "79".

80.     Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "80".

## THE POLICE QUESTION JEFFREY AND
## FABRICATE ADDITIONAL EVIDENCE OF GUILT

81.   Defendants deny knowledge or information sufficient to form a belief as the

allegations contained in paragraph "81".

82.   Defendants deny knowledge or information sufficient to form a belief as the

allegations contained in paragraph "82".

83.   Defendants deny knowledge or information sufficient to form a belief as the

allegations contained in paragraph "83".

84.   Defendants deny knowledge or information sufficient to form a belief as the

allegations contained in paragraph "84".


## THE POLICE PLAN TO PROCURE JEFFREY'S CONFESSION

85.   Defendants deny knowledge or information sufficient to form a belief as the

allegations contained in paragraph "85".

86.   Defendants deny knowledge or information sufficient to form a belief as the

allegations contained in paragraph "86".

87.   Defendants deny knowledge or information sufficient to form a belief as the

allegations contained in paragraph "87", except admit that a polygraph examinaiton

of plaintiff Jeffrey Deskovic was conducted by defendant Daniel Stephen in

Brewster, New York on January 25, 1990.

88.   Defendants deny knowledge or information sufficient to form a belief as the

allegations contained in paragraph "88".

89. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "89", except admit that no personnel from Westchester County District Attorney's Office was present at the polygraph examination conducted on January 25, 1990.

## THE COERCED CONFESSION

90. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "90", except admit that the plaintiff participated in a polygraph examination on January 25, 1990.

91. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "91".

92. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "92".

93. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "93".

94. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "94".

95. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "95".

96.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "96", except admit that defendants Stephens obtained plaintiff's signature on documents in preparation for the polygraph examination.

97.   Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "97", except admit that the polygraph examination was administered by defendant Stephens.

98.   Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "98".

99.   Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "99".

100.   Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "100".

101.   Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "101".

102.   Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "102".

103.   Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "103".

104.   Defendants deny knowledge or information sufficient to form a belief as the

allegations contained in paragraph "104".

105.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "105".

106.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "106".

107.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "107".

108.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "108".

**POLICE COERCED, FABRICATED, AND CONCEALED EXCULPATORY EVIDENCE CONCERNING ADDITIONAL INVESTIGATION OF JEFFREY DESKOVIC**

109.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "109".

110.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "110".

111.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "111".

**JEFFREY'S INDICTMENT IS PROCURED WITH FABRICATIONS AND CONCEALMENT OF MATERIAL, EXCULPATORY AND IMPEACHMENT EVIDENCE**

112.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "112", except admit that the plaintiff consented to have his blood drawn and that the plaintiff's blood sample, along with samples taken from victim A.C. were sent to the FBI Laboratory for testing.

113.    Defendants deny the allegations contained in paragraph "113".

114.    Defendants deny the allegations contained in paragraph "114", except admit that the February, 1990 Grand Jury noted to indict the plaintiff on February, 1990, and the indictment was handed up to County Court Judge Lange on February 27, 1990.

115.    Defendants deny the allegations contained in paragraph "115".

**DNA EVIDENCE EXONERATES JEFFREY - BUT THE PROSECUTION CONTINUES**

116.    Defendants deny the allegations contained in paragraph "16", except admit that correspondence was received from the FBI Laboratory excluding the plaintiff as the source of the semen found on the vaginal swab taken from the victim. Upon information and belief, Assistant District Attorney George Bolen and other representatives of the District Attorney's Offer were notified of the results from the FBI Laboratory.

117.    Defendants deny knowledge or information sufficient to form a belief as the

allegations contained in paragraph "117".

118. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "118".

119. Defendants deny the allegations contained in paragraph "119".

120. Defendants deny the allegations contained in paragraph "120".

121. Defendants deny the allegations contained in paragraph "121".

122. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "122".

123. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "123".

124. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "124".

125. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "125".

**PROSECUTORIAL AND POLICE MISCONDUCT DEPRIVE JEFFREY OF A FAIR TRIAL**

126. Defendants deny the allegations contained in paragraph "126".

127. Defendants deny the allegations contained in paragraph "127".

128. Defendants deny the allegations contained in paragraph "128".

129. Defendants deny knowledge or information sufficient to form a belief as the

allegations contained in paragraph "129".

130.   Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "130".

131.   Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "131".

## MR. DESKOVIC'S INCARCERATION
## AND EFFORTS TO PROVE HIS INNOCENCE

132.   Defendants admit the allegations contained in paragraph "132".

133.   Defendants deny the allegations contained in paragraph "133", except admit that plaintiff filed both direct appeals regarding his criminal conviction, as well petitions in Federal Court to obtain his release.

134.   Defendants admit the allegations contained in paragraph "134".

135.   Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "135", except admit that the plaintiff did file a petition for a writ of habeas corpus which was denied by United States District Court Judge Barbara Jones. Judge Jones' determination was affirmed by the United States Court of Appeals for the Second Circuit and plaintiff's petition for certiorari was denied by the Supreme Court of the United States.

**THE REAL KILLER IS IDENTIFIED AND JEFFREY IS EXONERATED**

136.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "136", except admit that current Westchester County District Attorney Janet DiFiore consented to conduct STR DNA testing on the semen found on the vaginal swab taken from the victim and to run the results of that testing against the availablbe DNA data bases for convicted offenders.

137.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "137", except admit that the DNA was matched to Steven Cunningham who subsequently pled guilty to crimes involving the victim and was sentenced.

138.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "138".

139.    Defendants admit the allegations contained in paragraph "139".

140.    Defendants admit the allegations contained in paragraph "140".


**POLICIES AND CUSTOMS OF THE PPD, THE WESTCHESTER COUNTY DISTRICT ATTORNEY'S OFFICE AND THE WESTCHESTER COUNTY MEDICAL EXAMINER'S OFFICE**

141.    Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "141".

142.    Defendants deny knowledge or information sufficient to form a belief as the

allegations contained in paragraph "142".

143. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "143".

144. Defendants deny knowledge or information sufficient to form a belief as the allegations contained in paragraph "144".

145. Defendants deny the allegations contained in paragraph "145".

146. Defendants deny the allegations contained in paragraph "146".

147. Defendants deny the allegations contained in paragraph "147".

148. Defendants deny the allegations contained in paragraph "148".

149. Defendants deny the allegations contained in paragraph "149".

150. Defendants deny the allegations contained in paragraph "150".

151. Defendants deny the allegations contained in paragraph "151".

152. Defendants deny the allegations contained in paragraph "152".


## DAMAGES

153. Defendants deny the allegations contained in paragraph "153".

154. Defendants deny the allegations contained in paragraph "154".

155. Defendants deny the allegations contained in paragraph "155".

156. Defendants deny the allegations contained in paragraph "156".

**42 U.S.C. § 1983 FIRST AMENDMENT AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE-RIGHT TO FAMILIAL ASSOCIATION AGAINST ALL DEFENDANTS**

157.    Defendants repeat, reiterate and reallage each and every admission and/or denial as if more fully set forth herein in response to paragraph "157".

158.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "158".

159.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "159" and respectfully refer all questions of law to this court for resolution.

160.    Defendants deny knowledge of information sufficient to form a belief as to the allegations contained in paragraph "160" and respectfully refer all questions of law to this court for resolution.

161.    Defendants deny the allegations contained in paragraph "161".

162.    Defendants deny the allegations contained in paragraph "162".

163.    Defendants deny the allegations contained in paragraph "163".

164.    Defendants deny the allegations contained in paragraph "164".

165.    Defendants deny the allegations contained in paragraph "165".

166.    Defendants deny the allegations contained in paragraph "166".

167.    Defendants deny the allegations contained in paragraph "167".

168.    Defendants deny the allegations contained in paragraph "168".

169.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "169".

170.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "170".

171.   Defendants deny the allegations contained in paragraph "171".

172.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "172".

173.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "173".

174.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "174".

175.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "175".

176.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "176".

177.   Defendants deny the allegations contained in paragraph "177".

178.   Defendants deny the allegations contained in paragraph "178".

179.   Defendants deny the allegations contained in paragraph "179".

180.   Defendants deny the allegations contained in paragraph "180".

181.   Defendants deny the allegations contained in paragraph "181".

182. Defendants deny the allegations contained in paragraph "182".

183. Defendants deny the allegations contained in paragraph "183".

184. Defendants deny the allegations contained in paragraph "184".

185. Defendants deny the allegations contained in paragraph "185".

186. Defendants deny the allegations contained in paragraph "186".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

187. Plaintiff's complaint should be dismissed as defendant Roh is entitled to absolute immunity.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

188. The defendants are entitled to dismissal of plaintiff's complaint as the actions undertaken by representatives of the Westchester County District Attorney's office are protected by absolute immunity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE.

189. The plaintiff's cause of action fails to state a claim upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

190. The complaint fails to set forth a basis upon which an award of punitive damages may

be based.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

191.     Plaintiff's claim against Westchester County pursuant to 42 U.S.C. § 1983 should be

dismissed as the plaintiff has failed to provide appropriate facts to support the claim

that the defendant failed to supervise, train, and discipline Assistant District Attorneys

as well as representatives of the Westchester County Medical Examiner's office.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

192.     The individual defendants are entitled to qualified immunity.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

193.     To the extent that plaintiff asserts claims against the Westchester County District

Attorney's office, those claims are barred by the Eleventh Amendment Doctrine of

Sovereign Immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

194.     Plaintiff's claims are barred in whole or in part by applicable statute of limitations.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

195.    Plaintiff's damages resulted from actions of third parties over whom the answering

defendants have no authority.


## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

196.    Plaintiff was not damaged as a result of any policy, practice, custom or procedure of

Westchester County.


**WHEREFORE**, it is respectfully requested that the plaintiff's complaint be dismissed

in its entirety and that the answering defendants be awarded judgment in their favor, together

with such other and further relief as this court deems just and proper.

Dated:    White Plains, New York
          December 6, 2007

_____
        Stuart E. Kahan        (SK-7767)
Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP
*Of Counsel to Westchester County Attorney Charlene*
*Indelicato   Attorneys for defendants Westchester*
*County, Louis Roh and Millard Hyland*
120 Bloomingdale Road
White Plains, New York 10605
(914) 422-3900 - office
(914) 422-3636 - facsimile
skahan@oxmanlaw.com


TO:    Emery, Celli, Brinckerhoff & Abady, LLP
       75 Rockefeller Plaza - 20th Floor
       New York, New York 10019

Brian Sokoloff, Esq.
Miranda Sokoloff Sambursky Slone Verveniotis, LLP
240 Mineola Blvd.
Mineola, New York 11501

James A. Randazzo, Esq.
Santangelo Randazzo & Mangone, LLP
151 Broadway
Hawthorne, New York 10532