UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

LINDA McGARR,

                              Plaintiff,

          -against-

CITY OF PEEKSKILL, WESTCHESTER COUNTY,
DAVID LEVINE, THOMAS McINTYRE,
WALTER BROVARSKI, EUGENE TUMOLO,
JOHN and JANE DOE, SUPERVISORS,
DANIEL STEPHENS, GEORGE BOLEN,
LOUIS ROH and MILLARD HYLAND,

                              Defendants.
-----------------------------------------------------------x

**ANSWER TO FIRST
AMENDED COMPLAINT**

07 Civ. 9488 (KMK)

JURY TRIAL DEMANDED

      Defendants, Westchester County, Louis Roh and Millard Hyland, by their attorneys, Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP, of counsel to Westchester County Attorney Charlene Indelicato, as and for their Answer to plaintiff's First Amended Complaint, state as follows:

1.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1".

2.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2", except admit that the victim identified in the complaint by the initials A.C. was murdered and raped.

3.    Defendants deny the allegations contained in paragraph "3".

4.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "4", except admit that Steven Cunningham pled guilty to the rape and murder of A.C. and that at the time of his guilty plea, Cunningham was in prison for murder.

5.    Defendants deny the allegations contained in paragraph "5".

6.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6".

7.    Defendants deny the allegations contained in paragraph "7".

8.    Defendants deny the allegations contained in paragraph "8".

9.    Defendants deny the allegations contained in paragraph "9", except admit that the plaintiff Linda McGarr is Jeffrey Deskovic's mother.


**JURISDICTION**

10.    Defendants admit the allegations contained in paragraph "10".


**VENUE**

11.    Defendants admit the allegations contained in paragraph "11".


**JURY DEMAND**

12.    Defendants neither admit nor deny the allegations contained in paragraph "12" as plaintiff is requesting a jury trial.

## PARTIES

13.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13".

14.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained "14".

15.    Defendants deny the allegations contained in paragraph "15", except admit that Westchester County is a political subdivision of the State of New York, was the employer of defendants Bolen and Roh, is the employer of defendant Hyland, and respectfully refers all questions of law to this Court for resolution.

16.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16".

17.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17".

18.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18".

19.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19".

20.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20".

21.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "21".

22.    Defendants admit the allegations contained in paragraph "22" to the extent that at all relevant times defendant George Bolen was employed by Westchester County as an Assistant District Attorney.

23.    Defendants admit the allegations contained in paragraph "23" to the extent that at all relevant times defendant Louis Roh was employed by Westchester County in the Department of Laboratories and Research as a Deputy Medical Examiner.

24.    Defendants admit the allegations contained in paragraph "24" to the extent that at all relevant times defendant Millard Hyland was employed by defendant County of Westchester in the Department of Laboratories and Research, as Pathologist/Medical Examiner.

## FACTS
## THE CRIME AND INITIAL INVESTIGATION

25.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25".

26.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26".

27.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27".

28.    Defendants admit the allegations contained in paragraph "28".

29.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29", except admit that representatives from the Westchester County District Attorney's office responded to Hillcrest Park after A.C.'s body was found.

30.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30", except admit that members of the Peeksill Police Department collected evidence.

31.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31".

32.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32".

33.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33".

34.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34".

35.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35", except admit that Steven Cunningham pled guilty to the crimes involving A.C.

36.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36".

37.    Defendants admit the allegations contained in paragraph "37".

38.    Defendants admit the allegations contained in paragraph "38".

## PEEKSKILL POLICE FOCUS ON
## PEEKSKILL HIGH SCHOOL FOR SUSPECTS

39.    Defendants deny knowledge or information sufficient to form a belief as to othe
allegations contained in paragraph "39".

40.    Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph "40".

41.    Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph "41".

42.    Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph "42".

43.    Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph "43".

44.    Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph "44".

## THE PPD DEFENDANTS CONCEAL MATERIAL,
## EXCULPATORY AND IMPEACHMENT EVIDENCE

45.   Defendants deny knowledge or information sufficient to form a belief as to the

      allegations contained in paragraph "45".

46.   Defendants deny knowledge or information sufficient to form a belief as to the

      allegations contained in paragraph "46".

47.   Defendants deny knowledge or information sufficient to form a belief as to the

      allegations contained in paragraph "47".

48.   Defendants deny the allegations contained in paragraph "48".

## THE INVESTIGATION FOCUSES ON JEFFREY DESKOVIC

49.   Defendants deny knowledge or information sufficient to form a belief as to the

      allegations contained in paragraph "49", except admit that in November, 1989 the

      plaintiff was sixteen years old and he attended Peekskill High School.

50.   Defendants deny knowledge or information sufficient to form a belief as to the

      allegations contained in paragraph "50".

51.   Defendants deny knowledge or information sufficient to form a belief as to the

      allegations contained in paragraph "51".

52.   Defendants deny knowledge or information sufficient to form a belief as to the

      allegations contained in paragraph "52".

53.   Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "53".

## PPD INVESTIGATORS EXPLOIT JEFFREY'S
## EMOTIONAL AND PSYCHOLOGICAL VULNERABILITIES

54.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "54".

55.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "55".

56.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "56".

57.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "57".

58.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "58".

59.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "59".

60.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "60".

61.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "61", except admit that former Assistant District Attorney Robert Neary was present at the Peekskill Police Department Headquarters

on December 12, 1989 and that ADA Neary requested that a representaitve of the

Peekskill Police Department ascertain if Jeffrey Deskovic would consent to a

polygraph examination.

62.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "62", except admit that Assistant District Attorney

George Bolen was the Deputy Division Chief Superior Court Trial Division and was

the trial attorney for the prosecution in the case brought against Jeffrey Deskovic..

63.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "63".

64.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "64".

65.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "65".

66.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "66".

67.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "67".

68.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "68".

69.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "69".

## JEFFREY OBTAINS LEGAL COUNSEL – <u>WHICH THE DEFENDANTS DISREGARD</u>

70.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "70".

71.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "71".

72.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "72".

73.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "73".

74.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "74".

75.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "75".

76.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "76".

77.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "77".

### PPD DEFENDANTS CONCEAL THEIR FIFTH AMENDMENT VIOLATIONS

78.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "78".

79.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "79", and respectfully refer all questions of law to this Court for resolution.

80.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "80".

81.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "81".

### THE POLICE QUESTION JEFFREY AND
### FABRICATE ADDITIONAL EVIDENCE OF GUILT

82.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "82".

83.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "83".

84.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "84".

85.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "85", except admit that maps/drawings signed by

the plaintiff were provided to the Westchester County District Attorney's office.

### THE POLICE PLAN TO PROCURE JEFFREY'S CONFESSION

86.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "86".

87.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "87".

88.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "88", except admit that a polygraph examinaiton of plaintiff Jeffrey Deskovic was conducted by defendant Daniel Stephens in Brewster, New York on January 25, 1990.

89.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "89".

90.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "90", except admit that no personnel from Westchester County District Attorney's Office were present at the polygraph examination conducted on January 25, 1990.

## THE COERCED "CONFESSION"

91.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "91", except admit that the plaintiff participated in a polygraph examination on January 25, 1990.

92.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "92".

93.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "93".

94.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "94".

95.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "95".

96.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "96".

97.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "97", except admit that defendant Stephens obtained plaintiff's signature on documents in preparation for the polygraph examination.

98.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "98", except admit that the polygraph examination

was administered by defendant Stephens.

99.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "99".

100.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "100".

101.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "101".

102.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "102".

103.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "103".

104.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "104".

105.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "105".

106.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "106", except admit that plaintiff was placed under arrest and transported to the Peekskill Police Department.

107.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "107".

108.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "108".

109.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "109".

## POLICE COERCED, FABRICATED, AND CONCEALED EXCULPATORY EVIDENCE CONCERNING ADDITIONAL INVESTIGATION OF JEFFREY DESKOVIC

110.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "110".

111.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "111".

112.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "112".

## JEFFREY'S INDICTMENT IS PROCURED WITH FABRICATIONS AND CONCEALMENT OF MATERIAL, EXCULPATORY AND IMPEACHMENT EVIDENCE

113.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "113", except admit that the plaintiff consented to have his blood drawn and that the plaintiff's blood sample, along with samples taken from victim A.C. were sent to the FBI Laboratory for testing.

114. Defendants deny the allegations contained in paragraph "114", except admit that presentation was made to the Grand Jury before DNA results were received.

115. Defendants deny the allegations contained in paragraph "115", except admit that the February, 1990 Grand Jury noted to indict the plaintiff on February 1, 1990, the indictment was handed up to County Court Judge Lange on February 27, 1990, the plaintiff was released on bail, and for some of the time between indictment and trial, the plaintiff was in psychiatric facilities.

116. Defendants deny the allegations contained in paragraph "116".

### DNA EVIDENCE EXONERATES JEFFREY - BUT THE PROSECUTION CONTINUES

117. Defendants deny the allegations contained in paragraph "117", except admit that correspondence was received from the FBI Laboratory excluding the plaintiff as the source of the semen found on the vaginal swab taken from the victim. Upon information and belief, Assistant District Attorney George Bolen and other representatives of the District Attorney's office were notified of the results from the FBI Laboratory.

118. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "118".

119. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "119".

120.   Defendants deny the allegations contained in paragraph "120".

121.   Defendants deny the allegations contained in paragraph "121".

122.   Defendants deny the allegations contained in paragraph "122".

123.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "123".

124.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "124".

125.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "125".

126.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "126".

## PROSECUTORIAL AND POLICE MISCONDUCT
## DEPRIVE JEFFREY OF A FAIR TRIAL

127.   Defendants deny the allegations contained in paragraph "127".

128.   Defendants deny the allegations contained in paragraph "128".

129.   Defendants deny the allegations contained in paragraph "129".

130.   Defendants deny the allegations contained in paragraph "130".

131.   Defendants deny the allegations contained in paragraph "131".

132.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "132".

133.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "133" and respectfully refer the Court to the trial transcript.

134.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "134".

## MR. DESKOVIC'S INCARCERATION
## AND EFFORTS TO PROVE HIS INNOCENCE

135.  Defendants admit the allegations contained in paragraph "135".

136.  Defendants deny the allegations contained in paragraph "136", except admit that plaintiff filed both direct appeals regarding his criminal conviction, as well petitions in Federal Court to obtain his release.

137.  Defendants admit the allegations contained in paragraph "137".

138.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "138", except admit that the plaintiff filed a petition for a writ of habeas corpus which was denied by United States District Court Judge Barbara Jones. Judge Jones' determination was affirmed by the United States Court of Appeals for the Second Circuit and plaintiff's petition for certiorari was denied by the Supreme Court of the United States.

### THE REAL KILLER IS IDENTIFIED AND JEFFREY IS EXONERATED

139.   Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "139", except admit that Westchester County

District Attorney Janet DiFiore consented to conduct STR DNA testing on the semen

found on the vaginal swab taken from the victim and to run the results of that testing

against the available DNA data bases for convicted offenders.

140.   Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "140", except admit that the DNA was matched

to Steven Cunningham who subsequently pled guilty to crimes involving the victim

and was sentenced.

141.   Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "141".

142.   Defendants admit the allegations contained in paragraph "142".

143.   Defendants admit the allegations contained in paragraph "143".

### POLICIES AND CUSTOMS OF THE PPD, THE WESTCHESTER COUNTY DISTRICT ATTORNEY'S OFFICE AND THE WESTCHESTER COUNTY MEDICAL EXAMINER'S OFFICE

144.   Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "144".

145.   Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "145".

146.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "146".

147.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "147".

148.   Defendants deny the allegations contained in paragraph "148".

149.   Defendants deny the allegations contained in paragraph "149".

150.   Defendants deny the allegations contained in paragraph "150".

151.   Defendants deny the allegations contained in paragraph "151".

152.   Defendants deny the allegations contained in paragraph "152".

153.   Defendants deny the allegations contained in paragraph "153".

154.   Defendants deny the allegations contained in paragraph "154".

155.   Defendants deny the allegations contained in paragraph "155".

156.   Defendants deny the allegations contained in paragraph "156".

157.   Defendants deny the allegations contained in paragraph "157".


## DAMAGES

158.   Defendants deny the allegations contained in paragraph "158".

159.   Defendants deny the allegations contained in paragraph "159".

160.   Defendants deny the allegations contained in paragraph "160".

161.   Defendants deny the allegations contained in paragraph "161".

## COUNT I

### 42 U.S.C. § 1983 FIRST AMENDMENT AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE-RIGHT TO FAMILIAL ASSOCIATION AGAINST ALL DEFENDANTS

162.   Defendants repeat, reiterate and reallage each and every admission and/or denial as if more fully set forth herein in response to paragraph "162".

163.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "163" and respectfully refer all questions of law to this Court for resolution.

164.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "164" and respectfully refer all questions of law to this court for resolution.

165.   Defendants deny knowledge of information sufficient to form a belief as to the allegations contained in paragraph "165" and respectfully refer all questions of law to this court for resolution.

166.   Defendants deny the allegations contained in paragraph "166" with regard to defendants County of Westchester, Bolen, Roh and Hyland.  Defendants deny knowledge or information sufficient to form a belief with regard to the other defendants.

167.   Defendants deny the allegations contained in paragraph "167" with regard to defendants County of Westchester, Bolen, Roh and Hyland.  Defendants deny knowledge or information sufficient to form a belief with regard to the other defendants.

168.   Defendants deny the allegations contained in paragraph "168" with regard to defendants County of Westchester, Bolen, Roh and Hyland.  Defendants deny knowledge or information sufficient to form a belief with regard to the other defendants.

169.   Defendants deny the allegations contained in paragraph "169" with regard to defendants County of Westchester, Bolen, Roh and Hyland.  Defendants deny knowledge or information sufficient to form a belief with regard to the other defendants.

170.   Defendants deny the allegations contained in paragraph "170" with regard to defendants County of Westchester, Bolen, Roh and Hyland.  Defendants deny knowledge or information sufficient to form a belief with regard to the other defendants.

171.   Defendants deny the allegations contained in paragraph "171" with regard to defendants County of Westchester, Bolen, Roh and Hyland.  Defendants deny knowledge or information sufficient to form a belief with regard to the other defendants.

172.    Defendants deny the allegations contained in paragraph "172" with regard to defendants County of Westchester, Bolen, Roh and Hyland.  Defendants deny knowledge or information sufficient to form a belief with regard to the other defendants.

173.    Defendants deny the allegations contained in paragraph "173" with regard to defendants County of Westchester, Bolen, Roh and Hyland.  Defendants deny knowledge or information sufficient to form a belief with regard to the other defendants.

174.    Defendants deny the allegations contained in paragraph "174" with regard to defendant Bolen.  Defendants deny knowledge or information sufficient to form a belief as to the other named defendants.

175.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "175".

176.    Defendants deny the allegations contained in paragraph "176".

177.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "177".

178.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "178".

179.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "179".

180.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "180".

181.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "181".

182.   Defendants deny the allegations contained in paragraph "182".

183.   Defendants deny the allegations contained in paragraph "183".

184.   Defendants deny the allegations contained in paragraph "184".

185.   Defendants deny the allegations contained in paragraph "185".

186.   Defendants deny the allegations contained in paragraph "186".

187.   Defendants deny the allegations contained in paragraph "187".

188.   Defendants deny the allegations contained in paragraph "188".

189.   Defendants deny the allegations contained in paragraph "189".

190.   Defendants deny the allegations contained in paragraph "190".

191.   Defendants deny the allegations contained in paragraph "191".


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

192.   Plaintiff's complaint should be dismissed as defendant Roh is entitled to absolute immunity.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

193.   The defendants are entitled to dismissal of plaintiff's complaint as the actions undertaken by representatives of the Westchester County District Attorney's office are protected by absolute immunity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE.

194.   The plaintiff's cause of action fails to state a claim upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

195.   The complaint fails to set forth a basis upon which an award of punitive damages may be based.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

196.   Plaintiff's claim against Westchester County pursuant to 42 U.S.C. § 1983 should be dismissed as the plaintiff has failed to provide appropriate facts to support the claim that the defendant failed to supervise, train, and discipline Assistant District Attorneys as well as representatives of the Westchester County Medical Examiner's office.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

197.   The individual defendants are entitled to qualified immunity.


## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

198.   To the extent that plaintiff asserts claims against the Westchester County District

Attorney's office, those claims are barred by the Eleventh Amendment Doctrine of

Sovereign Immunity.


## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

199.   Plaintiff's claims are barred in whole or in part by applicable statute of limitations.


## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

200.   Plaintiff's damages resulted from actions of third parties over whom the answering

defendants have no authority.


## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

201.   Plaintiff was not damaged as a result of any policy, practice, custom or procedure of

Westchester County.

**WHEREFORE**, it is respectfully requested that the plaintiff's first amended complaint be dismissed in its entirety and that the answering defendants be awarded judgment in their favor, together with such other and further relief as this court deems just and proper.

Dated:     White Plains, New York
            July 8, 2008

                          Stuart E. Kahan     (SK-7767)
Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP
*Of Counsel to Westchester County Attorney Charlene Indelicato    Attorneys for defendants Westchester County, Louis Roh and Millard Hyland*
120 Bloomingdale Road
White Plains, New York 10605
(914) 422-3900 - office
(914) 422-3636 - facsimile
skahan@oxmanlaw.com

TO:    Eric Hecker, Esq.
       Emery, Celli, Brinckerhoff & Abady, LLP
       75 Rockefeller Plaza - 20th Floor
       New York, New York 10019

       Brian Sokoloff, Esq.
       Miranda Sokoloff Sambursky Slone Verveniotis, LLP
       240 Mineola Blvd.
       Mineola, New York 11501

       James A. Randazzo, Esq.
       Gelardi & Randazzo, LLP
       151 Broadway
       Hawthorne, New York 10532

Nick Brustin, Esq.
Cochran Neufeld & Scheck
99 Hudson Street
New York, New York 10013

William Florence, Esq.
City of Peekskill Department of Law
City Hall
840 Main Street
Peekskill, New York 10566

James Mitchell, Esq.
Stillman Friedman & Shechtman, P.C.
425 Park Avenue
New York, New York 10022

Lori Anne Fee, Esq.
Wellinghorst & Fronzuto
4 Franklin Avenue
Ridgewood, New Jersey 07450