## OXMAN TULIS KIRKPATRICK WHYATT & GEIGER LLP

THOMAS H. GEIGER
STUART E. KAHAN*
JOHN D. KIRKPATRICK
MARC S. OXMAN
LOIS N. ROSEN
GREGORY J. SPAUN*
MARIE S. TULIS
THOMAS WHYATT

*ALSO ADMITTED - NEW JERSEY
*ALSO ADMITTED - CONNECTICUT

120 BLOOMINGDALE ROAD
WHITE PLAINS, NEW YORK 10606
(914) 422-3900
(914) 422-3636 (fax)
www.oxmanlaw.com

IN ASSOCIATION WITH:
DAVIDOFF, MALITO & HUTCHER, LLP**

OF COUNSEL
KENNETH O. RAY, P.C.
BRIAN J. STONE

LEGAL ASSISTANTS
JO-ANN R. SCHLESINGER
PAMELA O. PUCCI
LAURA CURLEY

FILE COPY

July 22, 2008

MEMO ENDORSED

VIA OVERNIGHT MAIL

Hon. Kenneth M. Karas
United States District Judge
United States Courthouse
Chambers 533
300 Quarropas Street
White Plains, New York 10601-4150

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Re: Jeffrey Deskovic v. City of Peekskill, et al.
07 Civ. 8150 (KMK)(GAY)
Linda McGarr, et al. v. City of Peekskill, et al.
07 Civ. 9488(KMK)(GAY)

**Request for a pre-motion conference**

Dear Judge Karas:

This office is of counsel to Westchester County Attorney Charlene Indelicato and represents defendants Westchester County, Louis Roh, Millard Hyland and George Bolen in the above-captioned matters. Pursuant to your individual rules of practice, we are requesting that a pre-motion conference be scheduled with regard to defendant George Bolen's intended application to move to dismiss plaintiffs' amended complaints pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the ground of absolute prosecutorial immunity.

On June 2, 2008, the parties appeared before the court for a conference. At the conference, the court granted the request of plaintiff Deskovic's counsel to serve an

NEW YORK CITY** 
405 THIRD AVENUE
NEW YORK, NEW YORK 10158
(212) 557-7200
(212) 986-1884 (FAX)

WASHINGTON, D.C.**
444 NORTH CAPITOL STREET, N.W.
WASHINGTON, D.C. 20001
(202) 347-1117
(202) 508-6784 (FAX)

LONG ISLAND**
900 GARDEN CITY PLAZA, STE. 015
GARDEN CITY, NY 11530
(516) 248-6400
(516) 248-2408 (FAX)

ALBANY**
150 STATE STREET
ALBANY, NY 12207
(518) 405-9900
(518) 405-8680 (FAX)

OXMAN TULIS KIRKPATRICK WHYATT & GEIGER LLP

Hon. Kenneth M. Karas
July 22, 2008
Page 2

amended complaint which added defendant Bolen as a party defendant. That amended complaint was subsequently served and answers were interposed by all defendants with the exception of defendant Bolen whose answer is due on or before August 8, 2008. Subsequent to the June 2, 2008 conference, plaintiff McGarr's counsel circulated a proposed amended complaint which also named defendant Bolen as a party defendant. All parties consented to the amendment of this complaint and the amended complaint was served earlier this month. Answers to the amended complaint have served by the Westchester County defendants, with the exception of defendant Bolen whose answer is to be served on or before September 7, 2008. It is defendant Bolen's position that the actions asserted against him in plaintiffs' complaints are protected by absolute prosecutorial immunity and that as a result, the claims against defendant Bolen should be dismissed. In the Deskvoic action, there is only one cause of action asserted against defendant Bolen for malicious prosecution and unlawful prolonged detention. In the McGarr matter, there is only one claim against all defendants, a constitutional claim based upon loss of familial association.

It is defendant Bolen's position that case law both within and outside of this circuit supports the defendant's contention that absolute prosecutorial immunity applies to those acts undertaken by a prosecutor in preparation for trial even where those acts may be denominated as "investigative". Here, defendant Bolen's involvement in the Deskovic prosecution began after Mr. Deskovic's indictment by a Westchester County Grand Jury. While plaintiffs allege that Mr. Bolen directed or "personally conducted" an investigation after DNA results were received, it is defendant Bolen's position that his actions were specifically designed as part of witness preparation, trial preparation and analysis of evidence.

Defendant Bolen seeks permission for leave to move to dismiss the Deskovic and McGarr amended complaints on the ground of absolute prosecutorial immunity. Defendant Bolen is prepared to serve his motion by August 8, 2008, which is the date by which defendant Bolen is required to answer or move in connection with the Deskovic amended complaint.

Although this court orally granted plaintiff Deskovic's application for leave to serve an amended complaint, that determination should not be viewed as a waiver of defendant Bolen's right to move to dismiss the amended complaint. Similarly, the agreement by Westchester County to consent to the amendment of the complaint in the McGarr matter is not a waiver of defendant Bolen's right to move for dismissal.

OXMAN TULIS KIRKPATRICK WHYATT & GEIGER LLP

Hon. Kenneth M. Karas
July 22, 2008
Page 3

    Defendant Bolen believes that a significant legal issue exists as to whether prosecutorial immunity applies to the allegations in plaintiffs' amended complaints. Assuming the allegations in the amended complaints to be true as is required in considering a motion to dismiss, it is Bolen's position that his actions are absolutely protected. It is for this reason that defendant Bolen asks this court for permission to move to dismiss the amended complaints in the Deskovic and McGarr matters.

    Counsel for defendant Bolen is available to participate in a pre-motion conference at a time set by the court.

    Finally, we wish to point out that the intended motion to dismiss is not governed by this court's June 2, 2008 scheduling orders as there is no motion deadline date set forth in those orders.

    We thank the court for its attention to this matter.

Very truly yours,
OXMAN TULIS KIRKPATRICK
WHYATT & GEIGER LLP

Stuart E. Kahan

cc:

*[Handwritten note:]* The Court addressed the legal viability of the proposed amended complaints in Deskovic and McGarr at the June 2, 2008 conference. While the Court understands that Mr. Bolen contends his only involvement in this case was post-indictment and included witness preparation, Plaintiffs have alleged that Bolen was involved in an post-indictment investigation that would be outside the scope of any immunity claim. In other words, Bolen's motion would require the Court to go beyond the allegations in the Complaints. So Ordered.

KMK 7/29/08

**OXMAN TULIS KIRKPATRICK WHYATT & GEIGER LLP**

Hon. Kenneth M. Karas
July 22, 2008
Page 4

    Nick Brustin, Esq.
    Cochran Neufeld & Scheck
    99 Hudson Street
    New York, New York 10013    (via overnight mail)

    Eric Hecker, Esq.
    Emery, Celli, Brinckerhoff & Abady, LLP
    75 Rockefeller Plaza - 20th Floor
    New York, New York 10019    (via overnight mail)

    Brian Sokoloff, Esq.
    Miranda Sokoloff Sambursky Slone Verveniotis, LLP
    240 Mineola Blvd.
    Mineola, New York 11501    (via overnight mail)

    James A. Randazzo, Esq.
    Gelardi & Randazzo, LLP
    151 Broadway
    Hawthorne, New York 10532    (via overnight mail)

    William Florence, Esq.
    City of Peekskill Department of Law
    City Hall
    840 Main Street
    Peekskill, New York 10566    (via overnight mail)

    James Mitchell, Esq.
    Stillman Friedman & Shechtman, P.C.
    425 Park Avenue
    New York, New York 10022    (via overnight mail)

    Lori Anne Fee, Esq.
    Wellinghorst & Fronzuto
    4 Franklin Avenue
    Ridgewood, New Jersey 07450    (via overnight mail)

    John Knudsen, Esq.
    Richard Brewster, Esq.
    Office of the Attorney General
    120 Broadway
    New York, New York 10271    (via overnight mail)

07/28/2008 Case 7:07-cv-09488-KMK-GAY Document 67 Filed 07/30/2008 Page 4 of 4 NO.117 P004