**NEUFELD SCHECK & BRUSTIN, LLP**
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick Brustin
Debi Cornwall

Anna Benvenutti Hoffmann
Emma Freudenberger
Sarah Crowley

Johnnie L. Cochran, Jr.
(1937-2005)

March 2, 2010

**By Overnight Mail**
Honorable George A. Yanthis
United States Magistrate Judge
Southern District of New York
300 Quarropas Street, Room 118
White Plains, NY 10601
Fax: (914) 390-4095

Re:   **Deskovic v. City of Peekskill, et al.**, No. 07 Civ. 8150 (KMK) (GAY)
      **McGarr v. City of Peekskill, et al.**, No. 07 Civ. 9488 (KMK) (GAY)

Dear Judge Yanthis:

I write pursuant to the Court's individual practices governing discovery disputes to request that the Court issue an order (1) compelling Defendant McIntyre to appear for the continuation of his deposition as he has failed to demonstrate the existence of a health problem sufficiently severe to constitute an "extraordinary circumstance" trumping Plaintiff's right to depose him; and (2) compelling defendants Thomas McIntyre and City of Peekskill to produce all medical and psychological records for Mr. McIntyre pre-dating his retirement from the Peekskill Police Department ("PPD"), which these defendants have placed squarely at issue through their assertion that Mr. McIntyre's psychological issues stemming from his time in law

1

enforcement and military service render him unable to testify. I request the Court's permission to exceed the page limit for letters to the Court addressing discovery disputes, as I write to address two separate, though related, discovery issues.

Until February 16, 2010, Defendant McIntyre had maintained that he suffered from physical ailments, including a back injury and pneumonia, that forced him to cut short his deposition on September 11, 2009, which lasted for approximately two-and-a-half hours, and in the intervening five months made him unable to appear for a continuation of his deposition. Brustin Affidavit, Exhibit A, at ¶¶ 4-7; McIntyre Deposition Excerpts, Exhibit B, at 12-14. McIntyre made clear in his September 11 deposition that neither his medical conditions, which he described as related to past surgeries on his spine and lower back, nor his medications were impairing his ability to testify. McIntyre Deposition Excerpts, Exhibit B, at 12-14. On February 16, 2010, Mr. McIntyre served Plaintiff with a medical report taking the position for the first time that McIntyre is unable to appear for his deposition as a result of a preexisting psychological condition linked to his law enforcement and military service, all but a few months of which pre-date Plaintiff's conviction, making any such condition highly relevant to Mr. McIntyre's state of mind during the criminal investigation and prosecution in this case. *See* Report, Exhibit C. The report makes the unsupported claim that "[McIntyre's] condition prevents him from being able to accurately and truthfully recall information about details and events from 20+ years ago." *Id.*

1. **Defendant McIntyre Has Failed to Show Extraordinary Circumstances Justifying His Failure to Appear for His Deposition, and Should Therefore Be Compelled to Testify**

As the Court is aware, Plaintiff makes allegations of serious misconduct, including

constitutional violations, against Mr. McIntyre himself, his fellow PPD officers, and the City of Peekskill. Mr. McIntyre's testimony is critically important evidence with respect to all of these claims. Notably, for example, Mr. McIntyre and his former colleague, Defendant David Levine, are the only two witnesses connected with this case who have testified, in defending against claims that they fabricated inculpatory evidence against Mr. Deskovic, that despite Mr. Deskovic's legal exoneration and DNA evidence definitively linking Steven Cunningham to the Angela Correa rape and murder, they believe that Jeffrey Deskovic in fact murdered Angela Correa. McIntyre Deposition Excerpts, Exhibit B, at 38. Mr. McIntyre provided important deposition testimony supporting Plaintiff's *Brady* claims, stating that he conducted but failed to document a comprehensive investigation into the victim's sexual history. Shortly after Mr. McIntyre provided this critical testimony, his counsel ended the deposition when Plaintiff's counsel attempted to follow up on this line of questioning. McIntyre Deposition Excerpts, Exhibit B, at 138-39, 151-52, 161-64.

The claim that "McIntyre cannot be deposed" because "[h]is condition prevents him from being able to accurately and truthfully recall information about details and events from 20+ years ago," Report, Exhibit C, fails to allege the type of life-threatening and specific medical risk courts have typically required to bar a deposition altogether, *see In re McCorhill Publishing, Inc.*, 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988), an "extraordinary measure" that is highly disfavored, particularly when the potential deponent is a defendant offering critical evidence. See *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) (internal citations omitted); *see also Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).

In fact, Mr. McIntyre's claimed psychological condition makes it all the more critical that

Plaintiff be permitted to depose Mr. McIntyre promptly and fully. Plaintiff has a clear need to obtain details of Mr. McIntyre's condition and any resulting memory loss, which could worsen in time and may prove to be important evidence relevant to Mr. McIntyre's credibility as a witness. The report authors offer no support for their passing references to Mr. McIntyre's "memory impairment," providing no indication that formal memory testing was conducted and offering no information about the degree of Mr. McIntyre's memory impairment or what kinds of things Mr. McIntyre no longer remembers. *See* Report, Exhibit C. Mr. McIntyre himself has denied having any problems that affect his ability to testify. McIntyre Deposition Testimony Excerpts, Exhibit B, at 13. However, Plaintiff must be permitted to explore these new and unsupported allegations as any memory problems are highly relevant to Mr. McIntyre's credibility as a witness and the weight that should be given his testimony, past and future. *See Fanelli v. Centenary College*, 211 F.R.D. 268 (D.N.J. 2002) (refusing to bar deposition, finding that doctor's assertion that deposition would cause anxiety for party failed to establish a "clearly defined" and "serious injury" as required to bar the deposition and observing that "any of the symptoms that may be aggravated by that anxiety ('focusing, attention span, recall') relate directly to [the party's] credibility which may be a central issue in the case for the fact finder to resolve").

Mr. McIntyre's anxiety is an eminently understandable reaction to Plaintiff's serious allegations, and should be fully explored in a deposition. Plaintiff alleges that Mr. McIntyre played a central role in causing Plaintiff's wrongful conviction and sixteen-year imprisonment for a crime he did not commit. Mr. McIntyre's claim that he currently suffers from a preexisting psychological condition stemming from his military and law enforcement service, which ended

4

within months of the Deskovic conviction, should be fully explored in a deposition. Any psychological issues he suffered before, during, or after the Deskovic investigation are relevant to an examination of his professional conduct during the investigation. Further, any remorse or anxiety that originates from the Deskovic investigation could reflect a consciousness of wrongdoing by Mr. McIntyre that would further support Plaintiff's claims.

Even were the alleged deficiencies in Mr. McIntyre's ability to "accurately and truthfully recall information" sufficient to justify his refusal to testify, which they patently are not,[1] the psychiatrist and social worker who authored the report are medical professionals who are completely unqualified to offer what amounts to a legal evaluation of Mr. McIntyre's competency. *Cf. U.S. v. Birdsell*, 775 F.2d 645, 650 (5th Cir. 1985) (noting, in criminal competency-to-stand-trial context, that "[i]n the final analysis, the determination of competency is a legal conclusion").

Plaintiff's counsel has repeatedly indicated their willingness, both during Mr. McIntyre's September 11 deposition and since, to make any necessary accommodations in conducting Mr. McIntyre's deposition, including conducting the deposition in short segments or conducting the deposition at Mr. McIntyre's home for his convenience. *See* Brustin Affidavit, Exhibit A, at ¶ 8; McIntyre Deposition Excerpts, Exhibit B, at 14.

Because Defendants have failed to meet their burden of demonstrating the existence of a serious medical condition – such as a life-threatening illness – that would justify barring Mr.

---

[1] Plaintiff has found no cases suggesting that the federal rules may be applied to bar a deposition based on a claim that the deponent is incompetent to testify. Rather, the Federal Rules 26(c) and 30(d)(3)(A) explicitly protect deponents from "annoyance, embarrassment, oppression, or undue burden or expense," none of which McIntyre claims here. Fed. R. Civ. P. 26(c), 30(d)(3)(A).

5

McIntyre's deposition, Plaintiff has not requested an Independent Medical Examination pursuant to Federal Rule of Civil Procedure 35, which would entail additional time and significant expense. Plaintiff may request such a procedure at a later date.

In light of Mr. McIntyre's failure to meet his burden of establishing extraordinary circumstances that would overcome Plaintiff's presumptive entitlement to depose Mr. McIntyre and specific need for Mr. McIntyre's testimony on the facts of this case and the nature of Mr. McIntyre's medical condition, Plaintiff respectfully requests that the Court compel Mr. McIntyre to appear for his deposition.

### 2. Defendant McIntyre Has Placed at Issue All Pre-Retirement Medical Records, and the Court Should Compel Their Production

Plaintiff is entitled to discovery of Defendant McIntyre's pre-retirement medical records, including psychological records, for which Plaintiff has served formal requests and which Mr. McIntyre and Peekskill have refused to produce. In response to Request 3 of Plaintiff's Third Set of Requests for Production to Defendant McIntyre, served on December 16, 2009, requesting all of Defendant McIntyre's medical records, including psychological records, Mr. McIntyre has agreed to produce only those responsive records post-dating his retirement from the Peekskill Police Department in November 1991.

Mr. McIntyre has placed all requested medical records squarely at issue by claiming that he suffers from psychiatric problems related to his law enforcement and military service, all but a few months of which pre-date this case, and that these problems make him unable to testify in this case. *See Deines v. Vermeer Mfg. Co.*, 133 F.R.D. 46 (D. Kan. 1990) (declining to bar the deposition of a doctor who opined that a key witness should not be required to testify due to memory problems and anxiety, finding that defendants' refusal to produce the witness placed

this doctor's opinions at issue). The court in *Medlin v. Andrew* observed:

> In granting a Rule 26(c), Fed.R.Civ.P., protective order prohibiting a deposition, the Court may not abdicate its responsibility by unquestionably accepting a doctor's summary opinions. The opposing party has a right for itself and on behalf of the Court to examine the matter in more detail. (That is necessarily true in this case where plaintiff has put her health in issue.)

113 F.R.D. 650, 653 (M.D.N.C. 1987).

As Mr. McIntyre has claimed that he is unable to testify due to health problems related to his law enforcement service, Plaintiff respectfully requests that the Court compel production of Mr. McIntyre's pre-retirement medical records.

Sincerely,

Nick Brustin

Encl.
CC (by email): All counsel