UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA MCGARR,<br><br>        Plaintiff,<br><br>    -against-<br><br>CITY OF PEEKSKILL, WESTCHESTER COUNTY, DAVID LEVINE, THOMAS MCINTYRE, WALTER BROVARSKI, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, DANIEL STEPHENS, GEORGE BOLEN, LOUIS ROH, and MILLARD HYLAND,<br><br>        Defendants. | 07 CV 9488 (KMK)(GAY)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT STEPHENS'S RULE 56.1 STATEMENT AND ADDITIONAL FACTS IN STEPHENS'S BRIEF AND STATEMENT OF ADDITIONAL MATERIAL DISPUTED FACTS** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT PURSUANT TO LOCAL RULE 56.1 AND TO FACTS INCLUDED IN DEFENDANT'S BRIEF BUT OMITTED FROM THE 56.1 STATEMENT**

1. – 62.   Plaintiff Linda McGarr incorporates by reference Paragraphs 1 to 62 of Plaintiff Jeffrey Deskovic's Response to Defendant Stephens's Statement Pursuant to Rule 56.1 which was submitted in opposition to Defendant Stephens's summary judgment motion in the related action, *Deskovic v. City of Peekskill, et al.*, 07-cv-8150.

63. – 81.   Plaintiff Linda McGarr incorporates by reference Paragraphs 63 to 81 of Plaintiff Jeffrey Deskovic's Response to Facts Included in Defendant Stephens's Brief But Omitted from the 56.1 Statement which was submitted in opposition to Defendant Stephens's summary judgment motion in the related action, *Deskovic v. City of Peekskill, et al.*, 07-cv-8150.

**PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL DISPUTED FACTS PURSUANT TO LOCAL RULE 56.1**

1. – 91.   Plaintiff Linda McGarr incorporates by reference Paragraphs 1 to 91 of the Statement of Additional Material Facts of Plaintiff Jeffrey Deskovic submitted in opposition to Defendant Stephens's summary judgment motion in the related action, *Deskovic v. City of Peekskill, et al.*, 07-cv-8150.

1

92. In January 1990, Jeffrey Deskovic lived with his mother, who was his custodial parent, in Peekskill, New York.  Exhibit 70 (polygraph background questionnaire) at 111-112.[1]

93. Jeffrey Deskovic testified that when he was driven from Peekskill to Brewster, New York on January 25, 1990 by Peekskill police officers, his "parents didn't know where I was."  Exhibit 67 Deskovic Dep. at 303, 333.  The police asked Jeffrey Deskovic on January 25 whether he "had told his mother" that he was undergoing a polygraph and he said he had not.  Exhibit 67 (Deskovic Dep.) at 333.

94. During the initial background stage of the polygraph, Jeffrey Deskovic told Defendant Stephens, among other things, that: (1) Jeff was barely sixteen years old (his sixteenth birthday was two months before); (2) Jeff was living with his mother and grandmother (and not his father); (3) Jeff attended 10th grade in high school; (4) Jeff's relationship with his mother was "good" when he was a child, and as a teenager, it was "so-so;" (4) Jeff had a younger brother; and (5) Jeff was Catholic and his mother and grandmother took him to church within the previous month.  Exhibit 70 (polygraph background questionnaire) at 111-112; *see also* Exhibit 67 (Deskovic Dep.) at 409-11 (describing the background component of Stephens's examination).

95. After being interrogated for hours on January 25 in the guise of a so-called polygraph, Jeffrey Deskovic "realized they were only going to take [him] home if they heard what they wanted to hear."  Exhibit 67 (Deskovic Dep.) at 483-84.  Jeff later told his mother that "he wanted to go home," but "[t]hey were not going to let him go home unless he took that test."  Exhibit 68 (McGarr Dep.) at 417.

96. Later on January 25, when Defendant Stephens and Tumolo were in the interrogation room, Tumolo told Jeffrey Deskovic "we could be here all night" if Jeff did not repeat the confession.  Exhibit 69 (Deskovic 50-h) at 235.

97. On January 25, 1990, after Jeffrey Deskovic was arrested, Ms. McGarr came to see Jeff at the police station—the first she learned of the interrogation and confession.  Exhibit 68 (McGarr Dep.) at 11-17.

98. Ms. McGarr testified that the arrest was the first time that he was "away from me as a mother."  When she spoke to Jeff on January 25 at the police station after he was arrested Jeff was crying, traumatized, telling her that he "didn't do it," and Ms. McGarr was "quite upset."  Exhibit 68 (McGarr Dep.) at 13, 263-64.

99. Ms. McGarr testified: "I love my son with all my heart," "He's my whole life."  Exhibit 68 (McGarr Dep.) at 37-38.

---

[1] Exhibits 1-66 are attached to the Declaration of Chloe Cockburn in the related action, *Deskovic v. City of Peekskill, et al.*, 07-cv-8150, and are incorporated by reference in the attached Declaration of Debra L. Greenberger ("Greenberger Decl.").  In addition, the Greenberger Decl. also includes Exhibits 67-71.

100. While Jeffrey Deskovic was incarcerated he converted to Islam to attempt to secure protection from Muslim inmates. Exhibit 68 (McGarr Dep.) at 429-30.

101. Ms. McGarr visited Jeff frequently while he was incarcerated. Exhibit 68 (McGarr Dep.) at 127, 429-30.

Date: November 7, 2011
New York, NY

Respectfully Submitted,

_____
Diane L. Houk
Debra L. Greenberger
Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
Telephone (212) 763-5000
Fax (212) 763-5001

*Counsel for Plaintiff Linda McGarr*