UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA MCGARR<br><br>Plaintiff,<br><br>-against-<br><br>CITY OF PEEKSKILL, PUTNAM COUNTY, WESTCHESTER COUNTY, DAVID LEVINE, THOMAS MCINTYRE, WALTER BROVARSKI, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, DANIEL STEPHENS, LOUIS ROH, MILLARD HYLAND<br><br>Defendants. | DEFENDANT'S RESPONSE TO PLAINTIFF MCGARR'S RULE 56.1 STATEMENT OF ADDITIONAL MATERIAL FACTS<br><br>No. 7:07-cv-09488 (KMK) (GAY)<br><br>ECF Case |

92. In January 1990, Jeffrey Deskovic lived with his mother, who was his custodial parent, in Peekskill, New York. Exhibit 70 (polygraph background questionnaire) at 111-112

**Response:** Admit.

93. Jeffrey Deskovic testified that when he was driven from Peekskill to Brewster, New York on January 25, 1990 by Peekskill police officers, his "parents didn't know where I was." Exhibit 67 Deskovic Dep. at 303, 333. The police asked Jeffrey Deskovic on January 25 whether he "had told his mother" that he was undergoing a polygraph and he said he had not. Exhibit 67 (Deskovic Dep.) at 333.

**Response:** Admit that the cited exhibit supports the theory that Deskovic's parents "didn't know where I was". Admit Deskovic testified that he did not tell his mother where he was going because he did not want to tell her.

94. During the initial background stage of the polygraph, Jeffrey Deskovic told Defendant Stephens, among other things, that: (1) Jeff was barely sixteen years old (his sixteenth birthday was two months before); (2) Jeff was living with his mother and grandmother (and not his father); (3) Jeff attended 10th grade in high school; (4) Jeff's relationship with his mother was "good" when he was a child, and as a teenager, it was "so-so;" (4) Jeff had a younger brother; and (5) Jeff was Catholic and his mother and grandmother took him to church within the previous month. Exhibit 70 (polygraph background questionnaire) at 111-112; see also Exhibit

67 (Deskovic Dep.) at 409-11 (describing the background component of Stephens's examination).

**Response:** Deny that Deskovic was "barely sixteen years old" or that the cited exhibit supports this proposition. Admit the remainder of the statement.

95.   After being interrogated for hours on January 25 in the guise of a so-called polygraph, Jeffrey Deskovic "realized they were only going to take [him] home if they heard what they wanted to hear." Exhibit 67 (Deskovic Dep.) at 483-84. Jeff later told his mother that "he wanted to go home," but "[they were not going to let him go home unless he took that test." Exhibit 68 (McGarr Dep.) at 417.

**Response:**   Deny that Deskovic was "interrogated for hours in the guise of a so-called polygraph" or that the exhibits cited support this proposition. Admit that Deskovic and McGarr testified to the remaining statements.

96.   Later on January 25, when Defendant Stephens and Tumolo were in the interrogation room, Tumolo told Jeffrey Deskovic "we could be here all night" if Jeff did not repeat the confession. Exhibit 69 (Deskovic 50-h) at 235.

**Response:** Deny that Stephens heard the statement "we could be here all night", or that the cited exhibit supports this theory. Admit Deskovic testified that Tumolo made this statement.

97.   On January 25, 1990, after Jeffrey Deskovic was arrested, Ms. McGarr came to see Jeff at the police station-the first she learned of the interrogation and confession. Exhibit 68 (McGarr Dep.) at 11-17.

**Response:** Admit.

98.   Ms. McGarr testified that the arrest was the first time that he was "away from me as a mother." When she spoke to Jeff on January 25 at the police station after he was arrested Jeff was crying, traumatized, telling her that he "didn't do it," and Ms. McGarr was "quite upset." Exhibit 68 (McGarr Dep.) at 13, 263-64.

**Response:** Deny that Deskovic was traumatized on January 25, 1990 or that the exhibit cited supports this theory. Admit Deskovic was crying and McGarr testified that she was "quite upset". Admit the remainder of this paragraph.

99.   Ms. McGarr testified: "I love my son with all my heart," "He's my whole life." Exhibit 68 (McGarr Dep.) at 37-38.

**Response:** Admit.

100.   While Jeffrey Deskovic was incarcerated he converted to Islam to attempt to secure protection from Muslim inmates. Exhibit 68 (McGarr Dep.) at 429-30.

**Response:** Admit McGarr testified to this statement.

101.  Ms. McGarr visited Jeff frequently while he was incarcerated. Exhibit 68 (McGarr Dep.) at 127, 429-30.

**Response:** Deny that McGarr visited Deskovic "frequently" or that the exhibit cited supports this proposition. Admit that McGarr testified she visited approximately twice a week.

Dated: New York, New York
  December 19, 2011

> YOURS, etc.,
> HARWOOD LLOYD, LLC
>
> By: _____
>
> Robert Delicate (RD-7363)
> Stephen Wellinghorst (SW-2998)
> *Attorneys for Defendant Daniel Stephens and Putnam County*
> 350 Fifth Avenue, 59th Floor
> Empire State Building
> New York, New York 10118
> (201) 359-3530

TO:

Nick Brustin
nick@nsbcivilrights.com
Chloe Cockburn
chloe@nsbcivilrights.com
Neufeld, Scheck and Brustin LLP
99 Hudson St.
New York, New York 10013

Vincent Gelardi
vg@vincentgelardi.com
Gelardi & Randazzo, LLP
800 Westchester Ave., Suite S-608
Rye Brook, NY 10573

James Mitchell
jmitchell@stillmanfriedman.com
Stillman Friedman and Shechtman, P.C. 425 Park Ave.
New York, NY 10022

Peter Meisels
Peter.meisels@wilsonelser.com
John Flannery
john.flanney@wilsonelser.com
Lalit Loomba
lalit.loomba@wilsonelser.com
Wilson Elser Moskowitz Edelman& Dicker, LLP
3 Gannett Drive
White Plains, NY 10604-3407

Diane Houk dhouk@ecbalaw.com
Emery Celli Brinckerhoff & Abady, LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019