UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――X
JEFFREY DESKOVIC,

                Plaintiff,

vs.

CITY OF PEEKSKILL, ET AL.,

                Defendants.
―――――――――――――――――――――――X
LINDA MCGARR,

                Plaintiff,

vs.

CITY OF PEEKSKILL, ET AL.,

                Defendants.
―――――――――――――――――――――――X
CITY OF PEEKSKILL,

                Third-Party Plaintiff,

vs.

WESTPORT INSURANCE COMPANY, ET AL.,

                Third-Party Defendants.
―――――――――――――――――――――――X

No.: CV-07-8150 (KMK)(GAY)

**HARCO NATIONAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS AND TO STRIKE CERTAIN ALLEGATIONS**

No. 07-CV-9488 (KMK)(GAY)

### Preliminary Statement

Pursuant to Fed. R. Civ. P. 12(b)(6), Third-Party Defendant, HARCO NATIONAL INSURANCE COMPANY ("Harco"), submits this Memorandum of Law in support of its motion to dismiss Count III – Breach of the Implied Covenant of Good Faith and Fair Dealing – as stated in the Amended Third-Party Complaints submitted by the City of Peekskill (the "City"),

demanding liability coverage for the actions brought by Jeffrey Deskovic (Index CV-07-8150) and Linda McGarr (Index No. CV-07-9488), and also requesting that certain unauthorized allegations be struck. Harco incorporates all of the facts and arguments presented in the motions submitted by the other third-party defendant Insurers (the "Insurers"). In addition, Harco adds the following as pertains to its particular circumstances.

## Introduction

Harco's application for relief is based upon three grounds: (1) even in its amended and amplified form, the City fails to state a claim under Count III that is distinct from the breach of contract claim under Count II; (2) the City has amended its complaint beyond what it represented to this Court and the other Insurers, in violation of Fed. R. Civ. P. 15(a)(2) and Your Honor's Individual Practice Rules; and (3) the additional and unauthorized allegations also violate Rule 8(a)(2) requiring a "short and plain statement" of a party's grounds for relief.

Count III raises particular concerns because, in New York, a separate bad faith claim must sound in tort-based violations of law, charges that in the insurance context suggest a defendant's propensity for reprehensible conduct and disregard for the law. To allow Count III to stand therefore would improperly impute such egregious conduct to Harco, when in fact the City has not alleged such in either its original or amended pleadings.

## Facts Pertinent to Harco's Motion

Harco respectfully refers the Court to all declarations, exhibits and memoranda of law submitted in support of the other Insurers' respective motions to dismiss Count III for the pertinent facts. In particular, Harco refers to the City's Amended Third-Party Complaints, included under Docket Entries 447 (Deskovic) and 245 (McGarr), which contain unauthorized additional allegations as to Harco's bad faith conduct. If the City had properly raised the

addition of these allegations at the March 27, 2012 court conference, Harco would have objected. *See* Deskovic, ¶¶ 201-208; McGarr ¶¶ 202-209. For the reasons discussed below and in the other Insurers' motions, Harco therefore respectfully requests that Count III be dismissed in its entirety, and the gratuitous, unauthorized bad faith allegations be stricken.

## Legal Argument

### (1) The City's Implied Covenant Claim is Duplicative of its Breach of Contract Claim

The City's allegations of bad faith stem entirely from its breach of contract claim. As amply discussed in Westport's motion, New York does not permit a separate claim for the breach of the implied covenant of good faith and fair dealing because the covenant is implicit in all contracts. Westport Memorandum of Law ("Westport Memo"), Section C-1.

As Westport discusses, the New York Court of Appeals recently held that, where it is alleged an insurer had mishandled a claim in bad faith, an insured may plead consequential damages that were "foreseeable and probable" at the time of or prior to contracting. *Bi-Economy Market v. Harleysville Ins. Co.,* 10 N.Y.3d 187, 193 (2008); *Panasia Estates, Inc. v. Hudson Ins. Co.,* 10 N.Y.3d 200, 203 (2008) (collectively "*Bi-Economy/Panasia*"). Insureds have since misinterpreted the Court's rulings as having created a new cause of action against insurance carriers for bad faith investigation and denial of coverage, resulting in a spate of non-cognizable claims for "the breach of the implied covenant of good faith and fair dealing."

*Bi-Economy/Panasia* however did not create any new cause of action, and Westport has indeed enumerated no less than 12 decisions issued by both federal and state courts clarifying this point. *See* Westport Memo, Section C-1 (citing list of cases in reverse chronological order beginning with, *Schlather v. One Beacon Ins. Co.,* 2011 U.S. Dist. LEXIS 147931, 1-2). Each case cited by Westport had ordered the insureds' implied covenant claims dismissed as duplicative,

explicitly commenting that *Bi-Economy/Panasia* had not reversed the well-settled precedent in New York that holds such claims to be merely extensions of breach of contract.

For the City to survive a motion to dismiss, it must allege a tort-based claim that asserts a legal wrong. *Whiteface Real Estate Dev. & Constr., LLC v. Selective Ins. Co. of Am.*, 2010 U.S. Dist. LEXIS 59741, 11-12 (N.D.N.Y 2010) (insured must allege "conduct sufficient to establish an actionable independent tort"). Mere allegations of bad faith are insufficient. *See Continental Information Systems Corp. v. Federal Ins. Co.*, 2003 U.S. Dist. LEXIS 682, *12, 17 (S.D.N.Y. 2003)*.

In the insurance context, a cognizable, stand-alone claim for bad faith generally sounds in very serious charges that are often coupled with punitive damages, such as fraud or statutory violations. *Id.; see also Rocanova v. Equitable Life Assur. Society of U.S.*, 83 N.Y.2d 603 (1994) (discussing torts alleged against insurers); *O.K. Petroleum Distrib. Corp. v. Travelers Indem. Co.*, 2010 U.S. Dist. LEXIS 71465, *14 (evaluating statutory deceptive practices claim against insurer). Even where, as here, an insured has "retreated from . . . the demand for punitive damages," it still is not relieved from alleging an independent tort. *Whiteface*, 2010 U.S. Dist. LEXIS 59741, *11-12. The City has made no allegations that even remotely support a tort claim

Harco seeks Count III's dismissal, because to allow it would impute egregious wrongs to Harco and the other Insurers that far exceed what the City is actually claiming, which is breach of contract.

### (2) The City Amended its Complaint Beyond What it Represented to this Court and the Parties in Violation of Rule 15(a)(2) and Your Honor's Individual Practice Rules

Harco respectfully refers the Court to the facts and arguments set forth by the other Insurers. *See* Westport Memo, Section C-2. In addition, had the City requested at the March 27, 2012 court conference permission to add detailed and gratuitous bad faith allegations to its third-party

4

complaint, Harco would have objected to such amendment for reasons stated in the following sub-section.

### (3) The Additional and Unauthorized Bad Faith Allegations Violate Rule 8(a)(2) Pleading Requirements for a "Short and Plain Statement"

Harco respectfully refers the Court to the facts and arguments set forth in this regard by Wesport. *See* Westport Memo, Section C-2; *see also Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 72 (2d Cir. N.Y. 2011) (pleading additional evidence beyond what is required to enable the defendant to respond is not only unnecessary but in contravention of proper pleading procedure). In addition, Harco objects to the City's allegations describing in detail its view of the unsuccessful efforts the parties have made to settle this matter. These allegations are unnecessary. There are no particularity requirements for pleading bad faith. *See Panasia Estates, Inc. v. Hudson Ins. Co.* ("*Panasia 2*"), 68 A.D.3d 530 (1st Dep't Dec. 15, 2009). The only purpose such gratuitous allegations serve are to cast Harco in a bad light, and they should therefore be stricken.

### CONCLUSION

For the reasons stated above, Harco respectfully requests this Court grant its motion to dismiss the City's Count III, strike the unauthorized bad faith allegations and provide other relief it deems just and proper.

Dated: New York, New York
April 20, 2012

WHITE FLEISCHNER & FINO, LLP
By: _____
Janet P. Ford

Counsel for Third-Party Defendant HARCO
NATIONAL INSURANCE COMPANY
61 Broadway, 18th Floor
New York, New York 10006
(212) 487-9700