UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X

JEFFREY DESKOVIC,

**No.: CV-07-8150 (KMK)(GAY)**

Plaintiff,

**HARCO NATIONAL
INSURANCE COMPANY'S
REPLY MEMORANDUM**

vs.

CITY OF PEEKSKILL, ET AL.,


Defendants.
_____X

LINDA MCGARR,

**No. 07-CV-9488 (KMK)(GAY)**

Plaintiff,

vs.

CITY OF PEEKSKILL, ET AL.,

Defendants.
_____X

CITY OF PEEKSKILL,

Third-Party Plaintiff,

vs.

WESTPORT INSURANCE COMPANY, ET AL.,

Third-Party Defendants.
_____X


Third-Party Defendant, Harco National Insurance Company ("Harco"), replies in further

support of its motion to dismiss Count III – Breach of the Implied Covenant of Good Faith and

Fair Dealing, and request that certain additional and unauthorized allegations to be stricken.

Third-Party Plaintiff, City of Peekskill (the "City") has submitted its opposition to

Harco's motion.  Harco in reply incorporates all of the facts and arguments presented heretofore

in its opening papers and by the other third-party defendant insurers (the "Insurers").  In addition, Harco submits the following.

I.    **Reply to the City's Arguments Regarding Dismissal of Count III – Breach of the Implied Covenant of Good Faith and Fair Dealing (City's Opposition Memo, pp. 8-12)**

The City states in conclusory fashion that its breach of the implied covenant claim, Count III, is not duplicative of the "breach of contract claim, is valid under New York law, and permits the City to seek extra-contractual damages (p. 9)."  It cites no authority for this proposition, and does not even mention, much less distinguish, the long list of cases cited in Westport's supporting memorandum (pp. 9-10) that have dismissed the very kind of claim it wishes to maintain.

The two cases the City cites for support have been reversed:  *Chernish v. Massachusetts Mut. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 9617 (N.D.N.Y. Feb. 10, 2009), and *Quick Response Commercial Division, LLC v. Travelers Property Cas. Co.*, 2009 U.S. Dist. LEXIS 95438, at *3-4 (N.D.N.Y. Oct. 14, 2009).  These two cases were among the first to address the then-recent New York Court of Appeals decisions in *Bi-Economy/Panasia* which, as discussed in Harco's initial memorandum (p. 3), ruled that an insured may recover consequential damages from its insurer based upon the insurer's bad faith failure to investigate the claim and pay it promptly, so long as such damages were "foreseeable and probable" at the time of or before the insurance contract was issued.  *Bi-Economy Market v. Harleysville Ins. Co.,* 10 N.Y.3d 187, 193 (2008); *Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200, 203 (2008).

In *Chernish*, the plaintiff sought damages against an insurer for denying her claims for disability benefits. *Chernish,* 2009 U.S. Dist. LEXIS 9617 at, *1-2.  In addition to her breach of contract claim, plaintiff also asserted a separate claim for breach of the covenant of good faith

and fair dealing based upon the insurer's improper claims handling and delayed payment. *Id.* at *2. The Northern District, citing *Bi-Economy/Panasia*, interpreted New York law as having changed to now allow independent bad faith claims that also asserted consequential damages. *Id.* at *19. In *Quick Response*, the Northern District again declined to dismiss an insured's separate claim for the breach of the implied covenant. The federal court, still uncertain about the impact the *Bi-Economy/Panasia* decisions, declined to find the claims as duplicative until the facts in the case were fully developed. *See Quick Response,* 2009 U.S. Dist. LEXIS 95438, at *3-4.

The Northern District has since reversed itself, holding that, under long-standing New York precedent, implied covenant claims are duplicative of ordinary breach of contract claims, and the Court in *Bi-Economy/Panasia* has not held otherwise. *See Corazzini v. Litton Loan Servicing LLP*, 2010 U.S. Dist. LEXIS 27398 (N.D.N.Y Mar. 23, 2010) (breach of the implied covenant cannot be maintained where the alleged breach is intrinsically tied to the damages resulting from the alleged breach of contract).

In so doing, the Court in *Corazzini* joined the numerous other New York courts that have found likewise. *See, e.g., Schlather v. One Beacon Ins. Co.*, 2011 U.S. Dist. LEXIS 147931, 1-2 (N.D.N.Y. Dec. 22, 2011) (implied covenant claim dismissed as duplicative of the breach of contract claim); *Augeri v Fidelity Natl. Title Ins. Co.*, 2011 NY Slip Op 33206U, 7-8 (N.Y. Sup. Ct. Dec. 5, 2011); *Harriprashad v. Metro. Prop. & Cas. Ins. Co.,* 2011 U.S. Dist. LEXIS 145573, 5-6 (E.D.N.Y. Nov. 17, 2011); *Laskowski v. Liberty Mut. Fire Ins. Co.*, 2011 U.S. Dist. LEXIS 120778, *5 (N.D.N.Y. Oct. 19, 2011) (where the wrong alleged and the damages sought are the same, a claim for breach of the implied covenant is duplicative); *Jackson v AXA Equitable Life Ins. Co.*, 2011 N.Y. Slip Op 32461U, at *2-3 (N.Y. Sup. Ct. July 8, 2011); *Cross v. Toyota Motor Corp.*, 2011 U.S. Dist. LEXIS 61380, at *3 (N.D.N.Y June 6, 2011); *Goldmark,*

3

*Inc. v. Catlin Syndicate Ltd.,* 2011 U.S. Dist. LEXIS 18197, 9-13 (E.D.N.Y. Feb. 22, 2011);

*Woodhams v. Allstate Fire & Cas. Co.,* 748 F. Supp. 2d 211, 223 (S.D.N.Y. Sept. 28, 2010);

*Woodworth v. Erie Ins. Co.,* 743 F. Supp. 2d 201, 210 (W.D.N.Y. Sept. 21, 2010) (insured

withdrew separate claim for bad faith breach of contract in light of New York case law); *O.K.*

*Petroleum Distrib. Corp. v. Travelers Indem. Co.*, 2010 U.S. Dist. LEXIS 71465, \*14 (S.D.N.Y.

July 15, 2010); *Whiteface Real Estate Dev. & Constr., LLC v. Selective Ins. Co. of Am.,* 2010

U.S. Dist. LEXIS 59741, 11-12 (N.D.N.Y. June 14, 2010); *Haym Salomon Home for the Aged v.*

*Hsb Group,* 2010 U.S. Dist. LEXIS 4255, at \*17-18 (E.D.N.Y. Jan. 20, 2010); *Panasia Estates,*

*Inc. v. Hudson Ins. Co.* ("*Panasia 2*"), 68 A.D.3d 530 (1st Dep't Dec. 15, 2009); *cf. In re New*

*York Skyline*, 2012 Bankr. LEXIS 2085, \*40-46 (S.D.N.Y. 2012) (regarding leasing contract, the

allegations underlying breach of the implied covenant "merely" support the claim for breach of

contract, even in light of the *Bi-Economy/Panasia* decisions).

   The City also cites *O.K. Petroleum Distrib. Corp. v. Travelers Indem. Co*., *supra.*   The

City's reliance here is confusing, since the Court in *O.K. Petroleum* granted the insurer's motion

to dismiss the implied covenant claims as duplicative, and also found that the insurer's

allegations did not support any other kind of claim for bad faith.  *Id.,* at \* 9-12.  The Court did

suggest that there might exist an independent bad faith claim sounding in contract.  In order for

such claim to stand alone, however, said the Court, it would "have to allege more than an

arguable difference of opinion between carrier and insured over coverage such that no reasonable

carrier would, under the given facts, be expected to assert it." *Id*., at \*11-12 (internal quotations

and citations omitted).

   No appeals court has passed on *O.K. Petroleum's* notion of an independent claim for bad

faith breach of contract.  The issue is of no moment here, however, because *O.K. Petroleum* held,

as did all the other courts, that there must exist ground for egregious allegations against the insurer to support any independent claim, regardless of whether the claim sounds in tort or contract. *Id.* Even if this Court permits the City's additional bad faith allegations to stand, therefore, the City has not alleged, and cannot allege, conduct that would give rise to an egregious standard required under a stand-alone claim for bad faith.

Specifically, the City alleged in both its original and amended complaints, in conclusory fashion that the Insurers have denied the claim because of its size, but have alleged no facts backing this statement. *See* Amended and Original Complaint, Count III. The City also alleged in both the original and amended complaints that Harco wrongly disclaimed coverage. The amended and unauthorized allegations allege that Harco, which wholly disclaimed coverage for the underlying actions, failed to settle the claims within the limits of the Harco policies. *See* Amended Complaint ¶¶ 198-99, 201-209. The City's allegation of bad faith refusal to settle is internally inconsistent with its allegation that Harco disclaimed coverage. Harco's disclaimers of liability coverage naturally placed it outside any control over defense or settlement of the underlying actions. These amended allegations therefore leave much open to question, proof, and debate, and are therefore unable to state conduct that, if true, would rise to the egregious standard discussed in any of the pertinent case law, including *O.K. Petroleum*.

The remainder of the cases the City cites, such as *Pavia v. State Farm Mut. Auto. Co.*, 82 N.Y.2d 445 (1993), do not address the viability of a stand-alone, implied covenant claim, and do not therefore guide the outcome of this motion.

If the Court decides to allow the amended allegations, the above case law requires that they all be subsumed under the City's Count II - breach of contract claim – but not as a separate claim, which if allowed would impute egregious conduct to Harco that the City did not and

5

cannot allege.  Likewise, if the Court decides to allow the City to plead consequential damages, the City must do so as damages subsumed under Count II.  *See, e.g., Bi-Economy*, 10 N.Y.3d 187, 193*; Panasia,* 10 N.Y.3d 200, 203 (grounds for pleading consequential damages); *Panasia 2,* 68 A.D.3d 530 (bad faith and consequential damages fall under one breach of contract claim); *Laskowski,* 2011 U.S. Dist. LEXIS 120778, *5 (where the wrong alleged and the damages sought are the same, one claim for breach of contract is sufficient).

## II.   Reply to the City's Arguments Regarding Its Additional and Unauthorized Bad Faith Allegations (City's Opposition Memo, pp. 4-8)

Harco incorporates its arguments already set forth in its initial memorandum (pp. 4-5), which have addressed much of the City's arguments in opposition.  Harco also incorporates all of the arguments raised in Westport's reply memorandum, Point II.  To summarize some of those arguments, and to borrow from the City's own terminology, it has "stealthily" incorporated its additional bad faith allegations into the Deskovic and McGarr Complaints, thereby exceeding its representations at the March 27, 2012 court conference and the scope of this Court's Order (*see* Westport Memo – Point II, quotation from pre-motion hearing transcript).

The City's conduct in this regard is particularly disturbing because it is part of what has been a larger pattern since the inception of this coverage litigation to unfairly cast Harco and the other Insurers in a bad light, through repetition and threats.  The City, in addition to its attempts at infusing its allegations with amplified charges, has sent numerous letters to Harco, charging bad faith based on case law that does not apply or else is distinguishable, including, *National Cas. Ins. Co. v. City of Mount Vernon,* 128 A.D.2d 332 (2d Dep't 1987) (finding for continuing tort coverage of innocence claim under a particular policy) and *Pavia, supra* (discussing bad faith settlement practices when an insurer controls the defense), while ignoring *Town of Newfane v. Gen. Star Nat. Ins. Co.,* 14 A.D.3d 72, 77 (4th Dep't 2004) (finding *against* continuing tort

6

coverage for innocence claim).  While a discussion of these cases and how they may or may not apply is for a later time, it is important to note at this juncture that, *based on a legitimate difference in opinion on the law*, the City is looking to relentlessly clobber Harco and the other Insurers with unsupported and vicious charges.

For this reason, Harco asks the Court to hold the City to a short and plain statement that suffices for stating its breach of contract claim.

## CONCLUSION

Harco respectfully requests that this Court grant its motion to dismiss the City's Count III, strike the unauthorized bad faith allegations and provide other relief it deems just and proper.

Dated: New York, New York
        May 14, 2012

WHITE FLEISCHNER & FINO, LLP

By: _____

Janet P. Ford

Counsel for Third-Party Defendant
HARCO NATIONAL INSURANCE COMPANY
61 Broadway, 18th Floor
New York, New York 10006
(212) 487-9700

7