UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA MCGARR

Plaintiff,

-against-

CITY OF PEEKSKILL, PUTNAM COUNTY, WESTCHESTER COUNTY, DAVID LEVINE, THOMAS MCINTYRE, WALTER BROVARSKI, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, DANIEL STEPHENS, LOUIS ROH, MILLARD HYLAND

Defendants.

No. 7:07-cv-09488 (KMK) (GAY)

**ECF Case**

**ADDENDUM OF DEFENDANT DANIEL STEPHENS AND PUTNAM COUNTY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

Cases

*Anderson v. Creighton*. .......................................... 2
438 U.S. 635, 640, 107 S. Ct. 3034, 94 L.Ed.2d 523 (1987)

*Brosseau v. Haugen*. .......................................... 3
543 U.S. 194, 125 S. Ct. 596 (2004)

*Gilles v. Repicky* .......................................... 2
511 F.3d 239, 244 (2d Circ. 2007)

*Harlow v. Fitzgerald* .......................................... 1
457 U.S. 800, 818, 102 S. Ct. 2727, Ed. 2d 396 (1982)

*Higazy v. Templeton* .......................................... 2
505 F.3d 161, 170 (2d Cir. 2007)

*Lennon v. Miller* .......................................... 2
66 F.3d 416, 42-021 (2d Cir. 1995)

*Saucier v. Katzv* .......................................... *1*
533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)

*Pearson v. Callahan*. .......................................... 1
555 U.S. 2223, 129 S. Ct. 808 (2009)

*Redd v. Wright* .......................................... 2
597 F.3d 532, 536 (2d Circ. 2010)

*Roberts v. U.S. Jaycees* .......................................... *3*
468 U.S. 609, 618 (1984)

*Russo v. City of Bridgeport* .......................................... 1
47 F. 3d 196, 211 (2d Cir. 2007)

*Saucier v. Katzv* .......................................... *1*
533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)

*Scott v. Fischer*. .......................................... 1
616 F.3d 100, 105 (2d Cir. 2010)

*2035214_1*

**QUALIFIED IMMUNITY STANDARD**

The doctrine of qualified immunity protects governmental officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Qualified immunity shields an officer from suit when they make a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted Saucier v. Katz, 533 U.S. 194,201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (qualified immunity operates "to protect officers from the sometimes 'hazy border between excessive and acceptable force'"). In considering a government official's claim to qualified immunity, a Court must consider whether: (1) the facts that a plaintiff has alleged make out a violation of a constitutional right; and (2) the right at issue was "clearly established" at the time of the defendant's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808 (2009); Saucier at 201. A defendant will be entitled to qualified immunity if either (1) his actions did not violate clearly established law or (2) it was objectively reasonable for him to believe that his actions did not violate clearly established law. Russo v. City of Bridgeport, 479 F.3d 196, 211 (2d Cir. 2007).

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer [in the position of the defendant] that his conduct was unlawful in the situation he confronted." Saucier at 194, 202. In answering that question, a court will consider: "(1) whether the right was defined with reasonable specificity; (2) whether Supreme Court or court of appeals case law supports the existence of the right in question, and (3) whether under preexisting law a reasonable defendant would have understood that his or her acts were unlawful." Scott v. Fischer, 616 F.3d 100, 105 (2d Cir.2010). "The task

of framing the right at issue with some precision is critical in determining whether that particular right was clearly established at the time of the defendants' alleged violation." Redd v. Wright, 597 F.3d 532, 536 (2d Cir.2010). Although the matter of whether a right at issue is clearly established is a question of law; see Higazy v. Templeton, 505 F.3d 161, 170 (2d Cir.2007); that question is "tied to the specific facts and context of the case." Gilles v. Repicky, 511 F.3d 239, 244 (2d Cir.2007).

Furthermore, an official may satisfy the objectively reasonable test if he demonstrates that "officers of reasonable competence could disagree on the legality of the defendant's actions." Lennon v. Miller, 66 F.3d 416, 42-021 (2d Cir. 1995) (quoting Malley v. Briggs, 475 U.S. 335, 340-41, 106 S.Ct. 1092, 1095-96, 89 L.Ed. 2d 271 (1986). Thus, if "the only conclusion a rational jury could reach is that reasonable officers would disagree about the legality of the defendants' conduct under the circumstances," then the defendant is entitled to summary judgment on qualified immunity grounds. Id. at 421, 106 S.Ct. at 1140-41. In Anderson v. Creighton, the Court held that the right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' Anderson at 635, 640. The use of this "objective reasonableness" test enables courts to decide qualified immunity claims as a matter of law when there are no material issues of disputed fact.

## POINT I
## THERE WAS NO ESTABLISHED RIGHT TO FAMILIAL ASSOCIATION AT THE TIME DESKOVIC CONFESSED

When qualified immunity is invoked, the reasonableness of police conduct is judged against the backdrop of the law at the time of the conduct. This is because the focus is on

whether the officer had fair notice that their conduct was unlawful. If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation. Brosseau v. Haugen 543 U.S. 194, 125 S.Ct. 596 (2004).

In the present case, the qualified immunity defense applies if reasonable government officials would not have understood that their actions, in the circumstances at the time, violated the plaintiff's right to intimate association. Anderson at 640. For a court to withhold qualified immunity, the unlawfulness of the action must have been apparent in light of pre-existing law. At the time of Stephens' alleged misconduct, there was no specific law that addressed a mother's right to bring a lawsuit for familial association based on a police officer's conduct toward a suspect. The question of McGarr's familial association claim is one that, in 1989, had never been decided by the courts with the precision necessary to deem it a clearly established right.

Plaintiff relies on Roberts v. U.S. Jaycees, 468 U.S. 609, 618 (1984) in its opposition to Stephens' summary judgment motion. This case briefly addressed general association rights; however, the facts in Roberts are completely distinguishable. The main issue in Roberts dealt with whether an organization's acceptance of women as regular members abridged the male members' freedom of intimate association. Id. at 610. In Roberts the court held that constitutional protection extended to the most intimate relationships, but elaborated no further. This language alone is not enough to qualify McGarr's familial association claim as clearly established law.

In fact, there is no case decided before 1989 that clearly establishes a right for a parent in plaintiff's situation. This is the precise situation that qualified immunity was designed for. Limiting liability for a government official when, at the time they acted, their actions did not infringe upon a clearly established right. As previously noted, Roberts, is the only case that

addressed a right to intimate association, and it addressed this issue in passing. Since the discussion of this right was so vague in Roberts it would be unreasonable to read that case as making the familial association claim clearly established law.

Stephens could not have concluded that he should have believed his actions, at the time of the Deskovic case, would violate clearly established law. As such, Stephens is entitled to qualified immunity. Accordingly, even if the Court looks at the facts in a light most positive to plaintiff, McGarr's claim must be dismissed.

**POINT II**
**EVEN IF THE COURT FINDS THE FAMILIAL ASSOCIATION RIGHT DID EXIST IT WOULD BE OBJECTIVELY REASONABLE FOR STEPHENS TO NOT KNOW HE VIOLATED CLEARLY ESTABLISHED LAW**

Here, plaintiff has provided no facts that Stephens violated any of plaintiff McGarr's clearly established statutory rights. However, even if the court were to determine Plaintiff's rights were violated, the Court must find that it was objectively reasonable for Stephens to believe that his actions did not violate clearly established law. The root of plaintiff's claim is that Stephens violated her right to familial association with her son, based on his actions during the Deskovic police investigation. In 1989 there was no case where a Constitutional claim for familial association was made by a mother based on a police officer's conduct toward a suspect. Thus, even if the Court finds that Stephens' conduct violated a clearly established right, because of the lack of applicable case law, it would be reasonable for Stephens to think he was not violating any right.

## CONCLUSION

Based upon the forgoing, it is respectfully requested that the court grant Daniel Stephens and Putnam County's motion for summary judgment and dismiss plaintiff Linda McGarr's complaint.

Dated: New York, New York

July 30, 2012

YOURS, etc.,
HARWOOD LLOYD, LLC

By: ______________________

Robert Delicate (RD-7363)
Stephen Wellinghorst (SW-2998)
*Attorneys for Defendant Daniel Stephens and Putnam County*
350 Fifth Avenue, 59th Floor
Empire State Building
New York, New York 10118
(201) 359-3530