UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY DESKOVIC,

                Plaintiff,

v.

CITY OF PEEKSKILL, PUTNAM COUNTY,
DAVID LEVINE, THOMAS McINTYRE, EUGENE
TUMOLO, JOHN AND JANE DOE SUPERVISORS,
and DANIEL STEPHENS,

                Defendants.

---

LINDA McGARR,

                Plaintiff,

v.

CITY OF PEEKSKILL, DAVID LEVINE, THOMAS
McINTYRE, EUGENE TUMOLO, JOHN AND
JANE DOE SUPERVISORS, and DANIEL
STEPHENS,

                Defendants.

Case Nos. 07-CV-8150 (KMK)
           07-CV-9488 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

Following a conference with the Parties, on November 29, 2012, the Court issued an Order addressing several specific discovery requests made by Defendants the City of Peekskill, David Levine, and Thomas McIntyre (collectively, "the Peekskill Defendants"). (Dkt. No. 542.) The Court now turns to three discovery issues that remain outstanding from those requests.

First, the Court declined to compel the release of Plaintiff's Presentence Investigation Report based on considerations of comity, and directed the Peekskill Defendants to file their request with the sentencing state court from the underlying criminal action. (*Id.*) The sentencing

court subsequently authorized the release of the Presentence Investigation Report, (Dkt. No. 558), and this Court has delivered copies to the Parties.

Second, this Court declined to release Plaintiff Jeffrey Deskovic's Mental Health Report, but granted leave to the Parties to brief the issue more thoroughly. The Parties failed to renew their request by the Court's deadline, however, and the Peekskill Defendants' prior request for the Plaintiff's Mental Health Report is accordingly denied.

Third, the Court noted that Parts II and III of Plaintiff's Inmate Status Report (or, "ISR") appear to be privileged "intra-agency materials" under the New York Public Officers Law and/or under New York Compilation of Codes and Regulations Title 9, § 8000.5(c)(2)(i)(a).[1] The Court therefore requested that New York Department of Correction submit an affidavit expressly asserting or waiving that privilege. (Dkt. No. 542.) Craig Mausler, Assistant Counsel for the New York State Board of Parole, responded on January 24, 2013, asserting that "[P]arts II and III [of the ISR] are exempt from disclosure as intra-agency materials containing evaluative opinion information" under both of the above cited provisions, and further explaining that refusing to disclose these portions of inmate status reports "has been the standard procedure" of

---

[1] An inmate status report is "a comprehensive case management report and evaluation of case-specific data that is utilized by the Board of Parole in the discretionary release decision-making process." N.Y. State Dep't. of Corr. and Comm. Supervision, Parole Handbook § 2 ¶ 2 (Nov. 2010), *available at* https://www.parole.ny.gov/intro_handbook.html. New York Public Officers Law allows a state agency to deny access to "intra-agency materials which are not . . . final agency policy or determinations." N.Y. Pub. Off. Law § 87(2)(g)(iii). New York Rules and Regulations prohibit the disclosure of the parole records that contain "(1) diagnostic opinions which, if known to the inmate/releasee, could lead to a serious disruption of his institutional program or supervision; (2) materials which would reveal sources of information obtained upon a promise of confidentiality; [and] (3) any information which if disclosed might result in harm, physical or otherwise, to any person." N.Y. Comp. Codes R. & Regs. tit. 9, § 8000.5(c)(2)(i)(a); *see also Rossney v. Travis*, No. 00-CV-4562, 2003 WL 135692, at *12 (S.D.N.Y. Jan. 17, 2003), *aff'd* 93 F. App'x 285 (2d Cir. 2004).

the Board of Parole. (Craig Mausler Aff. ¶ 3.) Based on his further review of Plaintiff's ISR, Mausler indicated that the entirety of Part II was privileged, (*id.* ¶¶ 6–7), but admitted that with respect to Part III, "the only portion . . . that should be withheld is the first full paragraph without parentheses as found in part 3," (*id.* ¶ 9).[2] The Parties then requested delivery of "those portions of the Inmate Status Report that Mr. Mausler has agreed should be released," as well as the "release [of] any other portion of the Inmate Status Report that the Court, after an *in camera* review, deems subject to disclosure." (Letter from Lalit K. Loomba to the Court (Feb. 7, 2013); *see also* Letter from Nick Brustin to the Court (Feb. 5, 2013).)

Parts II and III of an inmate status report "contain psychological information and evaluations . . . by parole officers, together with a service plan follow-up for field staff personnel," and "New York courts have declined to provide access to these confidential portions of Parole Division [i]nmate [s]tatus [r]eports." *Rossney v. Travis*, No. 00-CV-4562, 2003 WL 135692, at *12 (S.D.N.Y. Jan. 17, 2003), *aff'd* 93 F. App'x 285 (2d Cir. 2004). Due to the nature of this case, Federal law governs the assertion of evidentiary privileges, *see Auersperg ex rel. Von Bulow v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987), but federal courts nonetheless must give due consideration to state evidentiary privileges based on the principle of comity, *see King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988). It is thus the Court's task to "balance the deference to be accorded state-created privileges with the need for the information sought to be

---

[2] In effect, Mr. Mausler waived the intra-agency materials privilege as to these specific portions of Part III of Plaintiff's ISR. *See Madera v. Elmont Pub. Library*, 957 N.Y.S.2d 129, 132 (App. Div. 2012) (finding that library waived "the intra-agency" privilege by "voluntarily and deliberately disclosing" materials); *cf. Nat'l Council of La Raza v. DOJ*, 339 F. Supp. 2d 572, 585 (S.D.N.Y. 2004) (explaining that, in the Federal Freedom of Information Act context, an agency waives the intra-agency privilege by disclosing the materials or incorporating them into the public record).

3

protected by the privilege." *Rossney*, 2003 WL 135692, at *12. Therefore, if either the Peekskill Defendants or Plaintiff were to show "good cause" for the disclosure of Parts II and III of Plaintiff's ISR, then the intra-agency materials privilege "would yield if [it was] outweighed by a federal interest in presenting relevant evidence to a trier of fact." *Id.* (internal quotation marks omitted).

Here, as in *Rossney*, the Parties have "failed to proffer" a sufficient basis "for believing that the material contained in the *in camera* submissions" is necessary to the issues that will be before the relevant finder of fact, *id.* In *Rossney*, a habeas petitioner sought the privileged portions of his inmate status report, based on the conclusory assertion that he might find a basis for vacating a Parole Board decision therein. *See id.* The court reviewed the materials and independently determined that "they would not support a decision . . . vacating the Parole Board decision." *Id.* Here, Defendants seek the privileged portions of Plaintiff's ISR, because Plaintiff "put in issue in this case both his mental health and the history of years in which he was held in custody"; because "these documents might lead to the discovery of admissible evidence"; and because the Federal Rules of Civil Procedure promote "the broad scope of discovery." (Letter from Lalit K. Loomba to the Court (May 9, 2012).) But Defendants have not identified any particular need for these portions of Plaintiff's ISR, with respect to liability, damages, or their defenses. Moreover, the Court has reviewed the requested materials *in camera* and can find nothing compelling or unique that overcomes New York state's interest in protecting agency decision making. Indeed, at least some paragraphs in Plaintiff's ISR are based on information contained in the Presentence Investigation Report, which has already been disclosed to the Parties.

Based on these considerations, the Court will not disclose Part II of Plaintiff's ISR and will disclose only those portions of Part III with respect to which Mr. Mausler waived the intra-agency materials privilege. Due to the sensitive nature of the materials to be disclosed, the Parties should arrange for in-person retrieval of the documents.

SO ORDERED.

Dated: April 3, 2013
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE