**WHITE FLEISCHNER & FINO, LLP**

61 BROADWAY, NEW YORK, NY 10006
T 212.487.9700   F 212.487.9777   WWW.WFF-LAW.COM

March 25, 2013

**VIA OVERNIGHT MAIL**
Hon. Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**MEMO ENDORSED**

Re:   Underlying Actions: *Deskovic v. City of Peekskill, et al.*, No. 07-CV-8150; *McGarr v. City of Peekskill, et al.*, No. 07-CV-9488
Third-Party Action: *City of Peekskill v. Westport Insurance Co., et al.*

Dear Judge Karas:

On behalf of my client, Harco National Insurance Company, as well as certain other third-party defendant insurers (collectively "Joining Insurers"), we submit this pre-motion conference letter.[1] As per order entered on February 14, 2013 (07-cv-8150 Dkt. No. 564), the Joining Insurers request to move pursuant to Fed. R. Civ. P. 12(c) for a judgment on the pleadings on the question of trigger of coverage, and further request a stay of discovery while the motion is pending.

The City of Peekskill ("City") is seeking a declaratory judgment and other ancillary relief, obligating the Joining Insurers to provide liability coverage for the underlying tort actions brought by Jeffrey Deskovic and his mother, Linda McGarr, against the City and its Police Department. As of March 27, 2013, the Joining Insurers will have each answered the City's second amended third party complaints (filed Feb 27, 2013), denying the allegations therein and raising defenses, including, *inter alia*, the trigger defense to coverage. Rather than proceed to discovery, we believe the third-party coverage action may be disposed of in its entirety as a matter of law based entirely on the pleadings and the insurance policies they incorporate by reference and/or attach as an exhibit.

**Summary of Joining Insurers' Legal Arguments:** The underlying plaintiffs are seeking damages for injuries sustained that are alleged to have resulted from wrongful conduct by the City's Police Department beginning in 1990, when Mr. Deskovic confessed, was arrested, tried and convicted, and which are alleged to have continued through each year of his incarceration until his conviction was vacated in 2006. The subject insurance policies, however, do not cover such damages on a continuous basis. The Joining Insurers each issued policies that restrict coverage to the policy period during which the actual misconduct took place. In other words, any policy here that was *not* in effect at the time of Mr. Deskovic's arrest, trial and conviction in 1990 is not triggered. Mr. Deskovic's strained cause of action for alleged "violations of rights of access to court and executive clemency" and "violation of affirmative obligation to come forward" in subsequent years does not constitute additional misconduct during the periods of the Joining Insurers' policy periods that resulted in additional injury to Mr. Deskovic caused by the

---

[1] With the exception of Zurich American Insurance Company, all third-party defendant insurers are included as Joining Insurers. AMICO joins to the extent its request for stay has not been so ordered by the Court and/or if liquidation proceedings have not yet commenced.

Insureds, and the policies therefore are not triggered. *See Sarsfield v. Great Am. Ins. Co. of N.Y.*, 335 Fed. Appx. 63, 67-68 (1st Cir. 2009) (allegations that the defendants "continued to cover up their misconduct (the 'misconduct' being further described as including the suggestive identification, fabrication of evidence and false testimony at the trial)" did not trigger policy period).

As Mr. Devkovic's complaint is in the nature of a claim for malicious prosecution, in that he alleges the Police Department's misconduct resulted in his wrongful conviction at trial and subsequent imprisonment, the key precedent supporting Joining Insurers' position is *Town of Newfane v. Gen. Star Nat. Ins. Co.*, 14 A.D.3d 72 (4th Dep't 2004), where the court considered policy language similar to that of the polices here. The court held that a malicious prosecution claim for the purposes of insurance coverage occurs on "the date of the commencement of the underlying criminal prosecution," and fixes coverage to the policy period in which the offense originated. *Id.* at 77. The court expressly acknowledged the continuing harm created by a malicious prosecution but held that, even where proximate causation by the insured could be established, the insurance contract did not cover the damages that took place beyond the trigger year. *Id.* An overwhelming number of other jurisdictions have arrived at this conclusion as well, which Joining Insurers will address in further detail in their Rule 12(c) motions.

We expect the City to counter with another case, *National Cas. Ins. Co. v. City of Mt. Vernon*, 128 A.D.2d 332 (2d Dep't 1987), which obligated the insurer there to cover damages sustained during the policy period for the time the plaintiff was wrongfully imprisoned. However, *Mt. Vernon* involved the tort of false imprisonment, and Mr. Deskovic has not asserted such a claim. Even so, any claim for false imprisonment would only cover the period of time between his arrest on January 25, 1990 and his indictment on February 27, 1990, all of which occurred prior to the Joining Insurers' policies (with exception of the 1989-1990 Westport policy, which is concededly triggered and is defending). *Wallace v. Kato*, 549 U.S. 384 (2007) (tort of false imprisonment ends when legal process is instituted, i.e. arraignment, indictment, or being bound by a magistrate); *Williams v. Moore*, 197 A.D.2d 511 (2nd Dep't 1993) (only injuries resulting from pre-arraignment detention are compensable for false arrest/imprisonment claim). The policy in *Mt. Vernon* furthermore contained different language than the policies here, as it did not limit coverage to the period in which the causative event took place.[2]

**Stay of Discovery:** As contract interpretation is solely a matter of law for the court to decide, *e.g., Thomas Crimmins Contracting Co. v City of New York*, 138 AD2d 138, 143 (1st Dept 1988), *aff'd* 74 N.Y.2d 166 (1989), this Court's determination will require no more than an examination of the pleadings, the policies and the relevant caselaw.

---

[2] The City has trumpeted an unpublished Massachusetts opinion, *Waters v. Western World Insurance Co.*, 11-P-2124, 2013 WL 499215 (Mass. App. Ct. Feb. 12, 2013), which is not even binding within its own jurisdiction. The *Waters* decision is also inapposite because it interpreted policy language triggered by personal injury at any time, even if outside of the policy period and is otherwise factually and legally distinguishable. Accordingly, the Joining Insurers contend that *Waters* should not even be considered by this Court.

Nonetheless, we anticipate the City's objections to a stay. As Your Honor will recall, the City requested discovery last November while the pre-answer motions were still pending. *See* 07-cv-8150 Dkt. No. 552. For the convenience of the court, we attach copies of the City's November 27, 2012 letter and attached discovery requests. We also attach the Joining Insurers' objections to discovery set forth in their letter dated December 4, 2012, which was endorsed by Your Honor on December 10, 2012. *See* 07-cv-8150 Dkt. No. 554. To the extent the City will reiterate the same or similar discovery requests, Joining Insurers renew their objections stated as to "Necessity" and "Relevancy" contained in the endorsed letter (pp. 4-5).

To briefly summarize those objections, the City claimed it required discovery on how the Joining Insurers have handled the "same trigger issue in various courts" so as to ascertain whether different positions were taken. *See* Nov. 27, 2012 Ltr. at 2. With no date restrictions specified, it asked the Joining Insurers to produce *all* documents relating to other innocence claims that each Insurer had handled. *See* Request Nos. 5-11; *see also, e.g.*, request for "All documents and communications concerning the Policies ..." Request No. 17. These requests were purported to be "limited and directly relevant to the issues of trigger," but were instead an unbridled blunderbuss, exceeding all boundaries and protections of Fed. R. Civ. P. 26.

Additionally, the "other policyholder" discovery the City requests is only relevant where the party seeking it demonstrates a need for extrinsic evidence to interpret the pertinent provisions of the policies. *See* Dec. 4, 2012 Endorsed Ltr. at 3-4 (citing caselaw). Absent a showing of ambiguity, a court may not look outside the four corners of the insurance contract to construe its meaning. *Id.*; *see also United States v. 0.35 of Acre of Land*, 706 F. Supp. 1064, 1070 (S.D.N.Y. 1988) (contract ambiguity not established simply because parties disagree on interpretation). The City claimed that it required this information to ascertain the good faith with which the Joining Insurers applied their policy language. *See* Nov. 27, 2012 Ltr. at 2; *see also* 07-cv-8150 Dkt. No. 551 (City Reply, commenting on "circumstantial expediency"); *e.g.*, Demand No. 14, requesting practice guidelines and procedures that "ensure ... policyholders' claims are handled consistently and in good faith ..." This rationale, however, supports discovery only for well-pleaded bad faith allegations, and is not relevant to the trigger issue.

The Joining Insurers continue to object to the City's insufficiently pleaded and conclusory bad faith allegations, and certain Insurers reserve their rights to seek dismissal of same pursuant to Rule 12(c) for failure to meet federal pleading standards. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, however, the bad faith allegations, and discovery relating thereto, are not relevant for purposes of the motion for judgment on the pleadings regarding trigger.

The Joining Insurers have attempted to anticipate the issues the City will raise in response. If it should raise other issues, we will address those at the April 30th conference.

Very truly yours,

WHITE FLEISCHNER & FINO, LLP

/s/ T.P.

The Clerk of the Court is respectfully requested to docket this letter.

So Ordered.

/s/ KMK
4/17/13

Hon. Kenneth M. Karas
March 25, 2013
Page 4 of 4


Janet P. Ford
jford@wff-law.com


Encl:   (1) The City's Nov 27, 2012 letter with attached discovery demands.
       (2) Joining Insurers Dec 4, 2012 letter, memo-endorsed on Dec 10, 2012.


cc:    (via email)
      Darcy Ibach (dibach@lbbslaw.com)
      Patrick T. Walsh (pwalsh@hww-law.com;
      Bradley Klein (bklein@hww-law.com
      Marianne May (Marianne.may@clydeco.us)
      Catalina Sugayan (catalina.sugayan@sedgwicklaw.com)
      David Dolendi (david.dolendi@sedgwicklaw.com)
      Jessika Moon (jessika.moon@sedgwicklaw.com)
      Thomas Martin (tmartin@putneylaw.com)
      Karen Dixon (karen.dixon@mbtlaw.com)
      Matthew B. Anderson (matthew.anderson@mendes.com)
      William G. Passanantewpassannante@andersonkill.com
      Steven J. Pudell (spudell@andersonkill.com)
      Robert Kelly (rkelly@coughlinduffy.com)
      Christopher O'Leary (coleary@coughlinduffy.com)
      Anthony Gambardella (Anthony.gambardella@rivkin.com)
      Peter Meisels, Esq. (peter.meisels@wilsonelser.com)
      James Mitchell, Esq. (jmitchell@stillmanfriedman.com)
      Diane Houk, Esq. (dhouk@ecbalaw.com)
      Debra Greenberger, Esq. (dgreenberger@ecbalaw.com)
      Nick Brustin, Esq. (nick@nsbcivilrights.com)