**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

LINDA MCGARR,

              Plaintiff,

              v.

CITY OF PEEKSKILL, COUNTY OF PUTNAM,
DAVID LEVINE, THOMAS MCINTYRE,           No. 07 Civ. 09488 (KMK)(GAY)
EUGENE TUMOLO, JOHN AND JANE
DOE SUPERVISORS, and DANIEL STEPHENS,

              Defendants.

NEW YORK STATE LOCAL GOVERNMENT
SERVICES FOUNDATION, INC. as
attorney-in-fact for NEW YORK MUNICIPAL
INSURANCE RECIPROCAL,

                                    **ANSWER**

              Intervenor-Plaintiffs,

              v.

COUNTY OF PUTNAM, DANIEL STEPHENS,
JEFFREY DESKOVIC, and LINDA McGARR,

              Defendants.

      Defendant, LINDA McGARR, by her attorneys, EMERY CELLI BRINCKERHOFF &

ABADY, LLP, as and for her Answer to Intervenor-Plaintiffs' Complaint, sets forth as follows:

### ANSWER AS TO "THE NATURE OF THIS ACTION"

1.     Linda McGarr ("McGarr") admits that the Intervenor Plaintiff purports to seek the relief

        described in paragraph "1" of the complaint.

2.     McGarr denies that the single policy referenced in paragraph "2" of the complaint is the

        only policy issued by NYMIR that is implicated in this action, and further denies that the

single Law Enforcement Liability coverage section within the referenced policy is the only coverage section that is implicated in this action.  McGarr denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "2" of the complaint.

## ANSWER AS TO "THE PARTIES"

3.    McGarr admits the allegations in paragraph "3" of the complaint.

4.    McGarr denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the complaint.

5.    McGarr denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint.

6.    McGarr admits the allegations in paragraph "6" of the complaint.

7.    McGarr admits the allegations in paragraph "7" of the complaint.

8.    McGarr admits that Jeffrey Deskovic was and still is a citizen of the State of New York but denies that he resides in Tarrytown, New York.

9.    Linda McGarr admits the allegations in paragraph "9" of the complaint.

10.   Paragraph "10" of the complaint appears to state a conclusion of law to which no response is required.  To the extent paragraph "10" is deemed to contain factual allegations to which a response is required, McGarr denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint.

## ANSWER AS TO "JURISDICTION AND VENUE"

11.   McGarr admits the allegations in paragraph "11" of the complaint.

12.   McGarr admits the allegations in paragraph "12" of the complaint.

13.   McGarr admits the allegations in paragraph "13" of the complaint.

14.   McGarr admits the allegations in paragraph "14" of the complaint.

15.   Paragraph "15" of the complaint appears to state a conclusion of law to which no response is required.  To the extent paragraph "15" is deemed to contain factual allegations to which a response is required, McGarr denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the complaint.

### ANSWER AS TO "THE *DESKOVIC* AND *McGARR* ACTIONS"

16.   McGarr admits the allegations in paragraph "16" of the complaint.

17.   Paragraph "17" contains NYMIR's characterization of the claims and allegations of the claims being asserted by Deskovic in the *Deskovic* Action to which no response is required.  To the extent this paragraph is deemed to state factual allegation to which a response is required, McGarr denies the allegations as the Third Amended Complaint in the *Deskovic* Action speaks for itself and is the best evidence of its contents.

18.   McGarr admits the allegations in paragraph "18" of the complaint.

19.   Paragraph "19" contains NYMIR's characterization of the claims and allegations of the claims being asserted by McGarr in the *McGarr* Action to which no response is required.  To the extent this paragraph is deemed to state factual allegation to which a response is required, McGarr denies the allegations as the Second Amended Complaint in the *McGarr* Action speaks for itself and is the best evidence of its contents.

20.   McGarr admits the allegations in paragraph "20" of the complaint.

## ANSWER AS TO "FIRST CAUSE OF ACTION
## AGAINST COUNTY AND STEPHENS"

21.  McGarr denies that the copy attached to the complaint is a complete copy of the policy referenced rather than merely a copy of one of many coverage sections within the policy referenced, and further denies this is the only policy issued by NYMIR that is implicated in this action.  McGarr denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "21" of the complaint.

22.  McGarr denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the complaint.

23.  McGarr denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the complaint.

24.  McGarr denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the complaint.

25.  McGarr admits there are broad allegations of wrongdoing and injury in the Second Amended Complaint in the *McGarr* action.  McGarr denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "25" of the complaint.

26.  McGarr admits the allegations in paragraph "26" of the complaint.

27.  McGarr denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the complaint.

28.  McGarr admits the allegations in paragraph "28" of the complaint.

29.  McGarr admits the allegations in paragraph "29" of the complaint.

30.  McGarr denies the allegations contained in paragraph "30" of the complaint.

31.  McGarr denies the allegations contained in paragraph "31" of the complaint.

4

32.     McGarr denies the allegations contained in paragraph "32" of the complaint.

33.     McGarr denies the allegations contained in paragraph "33" of the complaint.

34.     McGarr admits the allegations in paragraph "34" of the complaint.

35.     McGarr denies the allegations contained in paragraph "35" of the complaint.

36.     McGarr denies the allegations contained in paragraph "36" of the complaint.

37.     McGarr denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the complaint.

38.     McGarr admits the allegations in paragraph "38" of the complaint.

39.     McGarr denies the allegations contained in paragraph "39" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

40.     Upon information and belief, the allegations in the underlying Complaint filed by McGarr fall within the scope of the risks undertaken by Intervenor-Plaintiff as consideration for payment of premiums by the County of Putnam.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

41.     Upon information and belief, the Intervenor-Plaintiff has defended the *McGarr* Action with full knowledge of available defenses to coverage and is estopped from asserting that its policy does not cover the claims asserted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

42.     Upon information and belief, Intervenor-Plaintiff accepted tender of the defense of the Putnam Defendants without reserving its right to disclaim coverage and is estopped from denying coverage or discontinue its defense of the Putnam Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43.     Upon information and belief, the Intervenor-Plaintiff has controlled the defense of the

Putnam Defendants in the *McGarr* Action to the prejudice of the Putnam Defendants and

is estopped from disclaiming coverage as a result of the same and its own laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44.     Upon information and belief, as a result of the undertaking of the defense of the Putnam

Defendants, Intervenor-Plaintiff has caused the Putnam Defendants to be prejudiced

through losing the right to conduct its own defense and as a result Intervenor-Plaintiff is

estopped from now disclaiming coverage.

WHEREFORE Linda McGarr respectfully prays this Court grant the following

relief:

a.      A declaration that NYMIR owes a duty to defend or reimburse defense

costs and to indemnify the Putnam Defendants in the *McGarr* Action

under one or more of the NYMIR Policies;

b.      A declaration of the various other rights, duties, responsibilities and

obligations of the parties to this action under each of the NYMIR Policies

as they relate to the *McGarr* Action;

c.      A judgment that NYMIR has denied its duty to defend or reimburse

defense costs and to indemnify (including funding a settlement), and

otherwise failed to provide benefits owed to the Putnam Defendants and to

which the Putnam Defendants are entitled, under one or more of the

NYMIR Policies for the *McGarr* Action; and

    d.      Such other legal and equitable relief that this Court shall deem just and

equitable.

Dated:  New York, NY
            July 8, 2013

                                Respectfully Submitted,

                                Diane L. Houk
                                Debra L. Greenberger
                                EMERY CELLI BRINCKERHOFF &
                                ABADY, LLP
                                75 Rockefeller Plaza, 20th Floor
                                New York, NY 10019
                                (212) 763-5000

                                *Attorneys for Defendant Linda McGarr*