UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JEFFREY DESKOVIC,                                   Docket Nos.  07-CV-8150 (KMK)
                                                                           07-CV-9488 (KMK)
                                   Plaintiff,

     -against-                                             **REPLY TO ANSWER WITH COUNTERCLAIM**


CITY OF PEEKSKILL, PUTNAM COUNTY,
DAVID LEVINE, THOMAS MCINTYRE,
EUGENE TUMOLO, JOHN AND JANE DOE
SUPERVISORS, and DANIEL STEPHENS,

                                  Defendants.
----------------------------------------------------------------X
LINDA MCGARR,

                                   Plaintiff,
    -against-

CITY OF PEEKSKILL, DAVID LEVINE,
THOMAS MCINTYRE, EUGENE TUMOLO,
JOHN AND JANE DOE SUPERVISORS, and
DANIEL STEPHENS,
                                  Defendants.
----------------------------------------------------------------X
NEW YORK STATE LOCAL GOVERNMENT
SERVICES FOUNDATION, INC.,
as attorney-in-fact for NEW YORK MUNICIPAL
INSURANCE RECIPROCAL,

                                 Intervenor-Plaintiff,

    -against-

COUNTY OF PUTNAM, DANIEL STEPHENS,
JEFFREY DESKOVIC and LINDA MCGARR,

                                 Defendants.
----------------------------------------------------------------X

Intervenor-Plaintiff, New York Municipal Insurance Reciprocal ("NYMIR"), through its attorneys Kaufman Borgeest & Ryan LLP, responds as follows to Defendant Jeffrey Deskovic's Answer with Counterclaim:

1. NYMIR denies, as written, the allegations contained in paragraph 45 of the Answer with Counterclaim, and refers the Court to NYMIR Law Enforcement Liability Policy number MLE- 037-001 ("NYMIR Policy"), which speaks for itself.

2. NYMIR denies each and every allegation contained in paragraph 46 of the Answer with Counterclaim. NYMIR respectfully refers the Court to the NYMIR Policy, which speaks for itself.

3. NYMIR denies each and every allegation contained in paragraph 47 of the Answer with Counterclaim. NYMIR respectfully refers the Court to the NYMIR Policy, which speaks for itself.

4. NYMIR denies each and every allegation contained in paragraph 48 of the Answer with Counterclaim. NYMIR respectfully refers the Court to the NYMIR Policy, which speaks for itself.

5. NYMIR denies each and every allegation contained in paragraph 49 of the Answer with Counterclaim. NYMIR respectfully refers the Court to the NYMIR Policy, which speaks for itself.

6. NYMIR denies each and every allegation contained in paragraph 50 of the Answer with Counterclaim. NYMIR respectfully refers the Court to the NYMIR Policy, which speaks for itself.

7. NYMIR denies each and every allegation contained in paragraph 51 of the Answer with Counterclaim.

8. With respect to paragraph 52, NYMIR denies that the claims at issue are covered by the NYMIR Policy. NYMIR denies the remaining allegations contained in paragraph 52 of the Answer with Counterclaim.

9. NYMIR denies each and every allegation contained in paragraph 53 of the Answer with Counterclaim and respectfully refers the Court to the NYMIR Policy, which speaks for itself.

10. NYMIR denies each and every allegation contained in paragraph 54 of the Answer with Counterclaim and respectfully refers the Court to the NYMIR Policy, which speaks for itself.

11. NYMIR denies each and every allegation contained in paragraph 55 of the Answer with Counterclaim, and respectfully refers the Court to the NYMIR Policy, which speaks for itself.

12. NYMIR denies each and every allegation contained in paragraph 56 of the Answer with Counterclaim, and respectfully refers the Court to the NYMIR Policy, which speaks for itself. NYMIR respectfully refers all questions of law to the Court.

13. NYMIR denies each and every allegation contained in paragraph 57 of the Answer with Counterclaim, and respectfully refers the Court to the NYMIR Policy, which speaks for itself. NYMIR respectfully refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Deskovic failed to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Deskovic lacks standing to assert claims against NYMIR.

### THIRD AFFIRMATIVE DEFENSE

Deskovic lacks contractual privity to assert claims against NYMIR.

### FOURTH AFFIRMATIVE DEFENSE

Deskovic is not a third-party beneficiary to a contract between NYMIR and Putnam County.

## FIFTH AFFIRMATIVE DEFENSE

The claims at issue in the action filed by Deskovic fall outside of the relevant policy period and are therefore not covered.

## SIXTH AFFIRMATIVE DEFENSE

Any and all injuries to Deskovic resulting from the alleged fabrication of evidence (Count II of Deskovic's Complaint) occurred wholly prior to the inception of the NYMIR Policy, and are therefore excluded from coverage under the NYMIR Policy, or any other policy issued by NYMIR.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all injuries to Deskovic resulting from the alleged state and federal malicious prosecution claims (Counts IV and XII) occurred wholly prior to the inception of the NYMIR Policy, and are therefore excluded from coverage under the NYMIR Policy, or any other policy issued by NYMIR.

## EIGHTH AFFIRMATIVE DEFENSE

Any and all injuries to Deskovic resulting from the alleged failure to intercede (Count VII) occurred wholly prior to the inception of the NYMIR Policy, and are therefore excluded from coverage under the NYMIR Policy, or any other policy issued by NYMIR.

## NINTH AFFIRMATIVE DEFENSE

Any and all injuries to Deskovic resulting from the alleged conspiracy (Count IX) occurred wholly prior to the inception of the NYMIR Policy, and are therefore excluded from coverage under the NYMIR Policy, or any other policy issued by NYMIR.

## TENTH AFFIRMATIVE DEFENSE

All of the injuries alleged by Deskovic and McGarr resulting from the remaining claims alleged against Stephens and Putnam County occurred prior to the inception of the NYMIR Policy, or any other policy issued by NYMIR. Therefore, NYMIR is entitled to a declaration that it has no

continued duty to defend or indemnify Putnam County or Stephens in the Deskovic or McGarr actions.

**WHEREFORE**, NYMIR respectfully requests that the Court award judgment to NYMIR on its Complaint, dismiss Deskovic's Counterclaim with prejudice, together with costs and disbursements of this Action, and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 25, 2013

          Respectfully submitted,

          KAUFMAN BORGEEST & RYAN, LLP

    By:   /S/ Joan M. Gilbride
          Joan M. Gilbride (JG 6238)
          Brian M. Sher (BS 8755)
          ***Attorneys for Plaintiff-Intervenor New York Municipal Insurance Reciprocal***
          120 Broadway, 14th Floor
          New York, NY 10271
          (212) 980-9600
          (212) 980-9291 (f)
          jgilbride@kbrlaw.com
          bsher@kbrlaw.com

## CERTIFICATE OF SERVICE

I, Brian M. Sher, hereby certify that on July 26, 2013 the foregoing Answer and Counterclaim was delivered by FedEx Overnight Mail to the chambers of the Hon. Kenneth M. Karas, and was served via ECF upon all counsel of record. It was also served via regular mail on the following counsel on July 26, 2013:

**Anna Benvenutti Hoffman**
**Aaron Scherzer**
Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
(212) 965-9081
(212) 965-9084
aaron@nsbcivilrights.com
*Attorneys for Defendant Jeffrey Deskovic*

**John J. Walsh**
Hodges, Walsh & Slater, LLP
55 Church Street, Suite 211
White Plains, NY 10601
(914) 385-6000
(914) 385-6060 (f)
jwalsh@hwslaw.com
*Attorneys for the Putnam Defendants*

**Jim A. Randazzo**
Gaines, Novick, Ponzini, Cossuu & Venditti, LLP
11 Martine Avenue, 8th Floor
White Plains, NY 10606
(914) 288-9595 ext. 6291
(914) 288-0850 (f)
jrandazzo@ggpnllp.com
*Attorney for the Putnam Defendants*

**Diane L. Houk**
**Debbie Greenberger**
Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000
(212) 763-5001 (f)
dhouk@ecbalaw.com
dgreenberger@ecbalaw.com
*Attorneys for Defendant Linda McGarr*

                                         /S/Brian M. Sher
                                         Brian M. Sher

2265279